AIR CONDITIONING, INC., Appellant,

v.

L. E. TRAVIS & SONS, INC., Appellee.

No. 12893.

Court of Civil Appeals of Texas, Austin.

March 7, 1979.

Richard W. Alexander, Kuhn, Collins & Alexander, Austin, for appellant.

C. G. House, House, Mercer & House, San Antonio, for appellee.

SHANNON, Justice.

Appellee L. E. Travis & Sons, Inc. sued appellant Air Conditioning, Inc., in the district court of Travis County for breach of contract, or alternatively, in *quantum meruit*. After trial to a jury, judgment was entered for appellee for $13,958.76. We will reverse the judgment.

B. L. McGee, Inc., was general contractor for construction of the Engineering-Teaching Center at the University of Texas. Appellant had the mechanical contract on that job. A part of the mechanical contract included mechanical painting. Appellee pleaded that appellant through its agent, B. L. McGee, contracted with appellee for it to do all of the mechanical painting on the Engineering-Teaching Center job on a "cost-plus" basis. Alternatively, appellee alleged that it should recover in *quantum meruit* for the reasonable value of the services rendered, labor performed, and materials furnished.

Appellee commenced painting and billed appellant for labor and materials, care of B. L. McGee. Appellant paid appellee $12,507.23. Appellant refused to pay appellee's additional statements for $10,958.76.

Appellee requested no special issues submitting his claim in contract. Appellee's case in *quantum meruit* was submitted in the court's charge by special issue number one which inquired: "What do you find from a preponderance of the evidence was the reasonable value to [appellant] in Austin, Texas, in 1974 of the mechanical painting performed by [appellee]?" The jury answered $23,465.99. The jury responded also that a reasonable attorney's fee for the preparation and prosecution of appellee's claim was $3,000.00.

The district court credited appellant for $12,507.23 previously paid appellee and entered judgment in appellee's favor for $13,958.76.

Appellant's first point of error is that there is no evidence to support the jury's answer that the reasonable value to appellant of appellee's mechanical painting was $23,465.99. We sustain the point.

A claim in *quantum meruit* does not proceed upon the contract for the contract price, but proceeds independently of the contract to recover the value of the services rendered or materials furnished. *Quantum meruit* is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted. *Davidson v. Clearman*, 391 S.W.2d 48 (Tex.1965); *Ochiltree County v. Hedrick*, 366 S.W.2d 866 (Tex.Civ.App.1963, writ ref'd n. r. e.). The measure of recovery in *quantum meruit* is the reasonable value of services rendered or materials furnished. *Colbert v. Dallas Joint Stock Land Bank*, 136 Tex. 268, 150 S.W.2d 771 (1941). A judgment predicated upon *quantum meruit* must be supported by evidence of the reasonable value of labor or services performed and materials furnished. *Salmon v. Salmon*, 406 S.W.2d 949 (Tex.Civ. App.1966, writ ref'd n. r. e.); *Leon Farms Corp. v. Beeman*, 240 S.W.2d 433 (Tex.Civ. App.1951, writ ref'd n. r. e.); *Pearson v. Laws*, 174 S.W.2d 62 (Tex.Civ.App.1943, no writ); *Parks v. Kelley*, 126 S.W.2d 534 (Tex. Civ.App.1939, no writ).

We have examined the statement of facts to ascertain whether there exists evidence that the reasonable value to appellant of appellee's mechanical painting was $23,-465.99. In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the jury's findings and consider only the facts and circumstances which tend to support those findings. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950); *Cartwright v. Canode*, 106 Tex. 502, 171 S.W. 696 (1914).

Appellee tried the case and proved up its damages in contract. Appellee, however, failed to prove a contract existed between it and appellant. In support of its claim, appellee introduced into evidence its bills to appellant and its invoices from suppliers for materials used on the job. Appellee also offered into evidence testimony as to the methods and procedures by which it computed its bills to appellant on a cost-plus twenty-five percent contract basis.

The court's charge submitted appellee's case only in *quantum meruit*. There is no evidence to support the jury's answer that the reasonable value to appellant of appellee's mechanical painting was $23,-465.99. The only evidence as to reasonable value of the mechanical painting was contained in the testimony of appellant's witness, Dewey Nunley. Nunley, appellant's secretary-treasurer, also served as appellant's cost estimator. Nunley testified on direct examination that the reasonable value of the mechanical painting on the job was $10,000. Nunley's testimony is not evidence that the reasonable value of the painting was $23,465.99. There is a complete absence of evidence to support the answer given by the jury. See *Great American Insurance Company v. Lang*, 416 S.W.2d 541, 549, 550 (Tex.Civ.App.1967, writ ref'd n. r. e.).

It is apparent that appellee tried the case upon the wrong theory, and the case in *quantum meruit* was not fully developed. We will reverse the judgment and remand the cause for new trial in the interest of justice.