M.J. SHERIDAN & SON CO.,
INC., Appellant,

v.

SEMINOLE PIPELINE
COMPANY, Appellee.

No. 01–86–0429–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 23, 1987.

Debra Jo Catlett, Catlett & Associates, Houston, for appellant.

Ronald Scott, Tracie J. Renfroe, Bracewell & Patterson, Houston, for appellee.

Before EVANS, C.J., and LEVY and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

M.J. Sheridan and Son, Co., Inc., sued Seminole Pipeline Company alleging that Seminole had breached its contract with Sheridan by failing to provide Sheridan with a pipeline easement and that this damaged Sheridan because it was unable to proceed with its contract. Sheridan also sought recovery on theories of fraud and quantum meruit. After a jury trial, the court entered a directed verdict as to the fraud and quantum meruit causes of ac-

tions, and the jury found that Seminole had provided Sheridan with a right-of-way within a reasonable time. Therefore, the court concluded that Seminole had not breached the contract, and entered a take-nothing judgment in its favor.

We affirm.

Sheridan agreed to construct a pipeline for Seminole on a right-of-way to be provided by Seminole. The contract consisted of general requirements, specifications sheet, equipment rate schedule, labor rates, and a job description. The job description provided for commencement on September 15, 1981, and completion by November 2, 1981. The contract was signed on November 3rd, and construction of the pipeline began November 9th and was completed on February 27, 1982.

The agreement contained specific provisions to record any extra work on a "memorandum of work" performed to be signed by representatives of both Sheridan and Seminole. The extra work compensation was based on the actual cost of materials, the labor, and equipment rates contained in the bid.

A provision was provided for payment of shutdown rates on days when pipe could not be laid because of Seminole's failure to provide the right-of-way. The first right-of-way problems began shortly after the start of construction, when Sheridan's crews worked up to a property in which the easement had not been obtained. Sheridan recorded the shutdown days, submitted the charges, and was paid.

Other situations occurred where there was no right-of-way and the crews moved around the tract and worked on other tracts. When these "move arounds" occurred, the parties prepared a memorandum containing; (1) the location moved from; (2) the location moved to; (3) the men and equipment involved; and (4) the time consumed, and both parties signed the document. Also, the chief inspector for Seminole made a detailed explanation of the "move around" and approved a memorandum of work performed, which was signed and accepted by Sheridan's superintendent. Sheridan would then include those charges, and Seminole paid such charges.

In point of error one, Sheridan contends that the trial court erred in denying it's motion for new trial, arguing that the jury's negative answer to special issue 1, which asked: "Do you find [from] a preponderance of the evidence that Seminole failed to provide Sheridan with right-of-way in a reasonable time?", was against the great weight and preponderance of the evidence.

Where a contract does not fix a time for performance, a reasonable time is allowed. *See Heritage Resources, Inc. v. Anschutz Corp.,* 689 S.W.2d 952, 955 (Tex. App.—El Paso 1985, no writ). What is a reasonable time depends on the circumstances in each case and requires a fact finding by the jury. *Id.* at 955. In this case it was Sheridan's burden to obtain a favorable finding that the right-of-way was not acquired within a reasonable time.

Some courts have held that where a jury fails to find a vital issue in favor of a party having the burden of proof on the issue, that party, to complain on appeal, must show that the evidence "conclusively" established the issue "as a matter of law." *See Pouncy v. Garner,* 626 S.W.2d 337, 342–43 (Tex.Civ.App.—Tyler 1981, writ ref'd n.r.e.); *Jordon v. Ortho Pharmaceuticals Inc.,* 696 S.W.2d 228, 237 (Tex.App.—San Antonio 1985, no writ); *Bell v. Buddies Supermarket,* 516 S.W.2d 447, 451 (Tex.Civ.App.—Tyler 1974, writ ref'd n.r.e.); *Ross v. Sher,* 483 S.W.2d 297 (Tex.Civ.App.—Houston 1972, writ ref'd n.r.e.); *Smith v. Safeway Stores, Inc.,* 433 S.W.2d 217 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.). As support for this test, those decisions indicate reliance on statements in Judge Calvert's article, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361, 363 (1960), that we conclude relate only to "no evidence" situations. Judge Calvert wrote that before a party is entitled to have a judgment based on [a jury's failure to find a vital fact] reversed and judgment *rendered* in his favor, it must appear that the evidence estab-

lishes conclusively that the act was committed. However, the cases cited above have erroneously adopted this standard for reversal of factual sufficiency challenges as well. *Id.* at 364 (emphasis added).

Thus, we do not follow the rationale of those decisions in this case, which involves a "factual sufficiency" complaint that the jury's negative finding is against the great weight and preponderance of the evidence. We believe the proper standard of review in such a case is that enunciated in *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951), and reaffirmed in *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633–34 (Tex. 1986). There the Texas Supreme Court applied the "great weight" standard, as established in *In re King's Estate*, to a defendant's complaint about the jury's failure to find an affirmative defensive issue in its favor.

Under the Supreme Court's decision in *Pool,* and in view of the interpretation generally accorded to Judge Calvert's article over the years, we conclude that we are required to follow the *In re King's Estate* standard of review in all "factual sufficiency" cases, whether we review a negative or affirmative jury finding and regardless of whether the complaining party had the burden of proof on the issue. That is, where the complaining party asserts that either an affirmative or a negative finding is against the great weight and preponderance of the evidence, we must review all the evidence, both for and against the issue, and determine whether the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool,* 715 S.W.2d at 625; *In re King's Estate,* 224 S.W.2d at 662, 244 S.W.2d 660. We also conclude that this standard of review requires no greater showing on appeal by the party who had the burden of proof on the issue at trial than in an appeal by the party who did not have the burden of proof at trial. *But see U.S. Letter Carrier's Mutual Benefit Ass'n v. Sypulski,* 364 S.W.2d 840 (Tex.Civ. App.—Fort Worth 1963, no writ).

The Texas Supreme Court in *Pool* also advised that intermediate courts, when reviewing factual insufficiency points, should detail all the evidence relevant to the issue. Thus, we are admonished in such cases to "clearly state why the jury's finding is factually insufficient or is so against the great weight and preponderance of the evidence as to be manifestly unjust; why it shocks the conscience; or clearly demonstrates bias." We are also instructed to specify in our opinions "in what regard the contrary evidence greatly outweighs the evidence in support of the verdict." *Pool,* 715 S.W.2d at 635. We shall endeavor to do so here.

Under the circumstances of the case, which showed the standard procedures used in the trade, we conclude that the trial court did not err in denying a new trial, because it was not so against the great weight and preponderance of the evidence that Seminole did not provide the right-of-ways in an unreasonable amount of time so as to be manifestly unjust. The jury, as the trier of fact, was entitled to judge the credibility of the witnesses, assign the weight to be given their testimony, and resolve any conflicts or inconsistencies in the evidence. *See Taylor v. Lewis,* 553 S.W.2d 153, 161 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

Point of error one is overruled.

In point of error two, appellant urges that the trial court erred in granting appellee's motion for directed verdict on fraud.

A directed verdict is appropriate only when reasonable minds could reach but one conclusion under the available evidence. *See Vance v. My Apartment Steak House of San Antonio, Inc.,* 677 S.W.2d 480, 483 (Tex.1984). To determine whether the directed verdict was correct, it must be determined if there was evidence which would support each of the elements of the cause of action. *See Newitt v. Camden Drilling Co.,* 552 S.W.2d 928, 931 (Tex.Civ. App.—Corpus Christi 1977, no writ). The standard of review by an appellate court is to consider all of the evidence in the light most favorable to the party against whom the verdict was directed. *Id.; Gibbs v. Main Bank of Houston,* 666 S.W.2d 554

(Tex.App.—Houston [1st Dist.] 1984, no writ).

To prevail on a cause of action for fraud, a party must show:

(1) that a material representation was made,

(2) that it was false,

(3) that when the speaker made it, he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion,

(4) that it was made with the intent that it should be acted on by the party,

(5) that the party acted in reliance upon it, and

(6) that the party thereby suffered injury.

*Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex.1977).

■ If Sheridan introduced some evidence on each of the elements for fraud, then the trial court erred in granting Seminole's motion for directed verdict. *See Koenning v. Manco Corp.*, 521 S.W.2d 691, 699 (Tex.Civ.App.—Corpus Christi 1975), *writ ref'd n.r.e.*, 531 S.W.2d 805 (Tex.1975).

Sheridan's general manager testified that Seminole made no written representations about the status of its right-of-way acquisition prior to or at the time of signing the agreement, and that Seminole never made any oral representation that it had already obtained or would shortly obtain all of the right-of-ways. His testimony also indicates that the right-of-ways would have been acquired by the time Sheridan needed access to the property.

■ Failing to discharge a promise to do an act in the future is not fraud unless the promise is made with the intent not to perform. *See Mann v. Fitzhugh-Straus Medina Ranch*, 640 S.W.2d 367 (Tex.Civ.App.—San Antonio 1982, no writ). Fraud consists in the misrepresentation of present facts, and not a promise to do something in the future. *See Sharpe v. Lomas & Nettleton Financial Corp.*, 601 S.W.2d 55, 56 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.).

■ The record does not indicate that Seminole made any oral misrepresentation about the agreement to acquire the right-of-ways, and on the contrary, the contract itself stated problems in acquiring the right-of-ways, and contained certain provisions that would compensate Sheridan if shutdown or extra work occurred due to Seminole's failure to acquire the needed right-of-ways. Further, the evidence reveals that Seminole made full disclosure of the status of the right-of-ways and the efforts being made to acquire the rest of them on the first day of construction.

Sheridan failed to prove the elements of fraud, and the trial court did not error in granting a directed verdict against Sheridan's fraud cause of action.

Point of error two is overruled.

In point of error three, appellant asserts that the trial court erred in granting appellee's motion for directed verdict on quantum meruit.

■ Recovery on an express contract and on quantum meruit are inconsistent. *See Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex.1964). Where there exists a valid express contract covering the subject matter, there can be no implied contract. *Id.; Mitsubishi Aircraft Intern, Inc. v. Maurer*, 675 S.W.2d 286, 288 (Tex.App.—Dallas 1984, no writ).

To recover under quantum meruit, one must prove:

(1) valuable services were rendered or materials furnished,

(2) for the person sought to be charged,

(3) the services and materials were accepted by the person sought to be charged, and

(4) under such circumstances as would reasonably notify the person sought to be charged that the plaintiff, in performing such services was expected to be paid by the person sought to be charged.

*Garza v. Mitchell*, 607 S.W.2d 593, 600 (Tex.Civ.App.—Tyler 1980, no writ). In order for Sheridan to be entitled to a reversal on the theory of quantum meruit, Sheridan must have introduced at least some evidence on each of the elements. *See Koenning*, 521 S.W.2d at 699. Sheridan would

have had to introduce evidence on the correct measure of damages to recover on quantum meruit, which is the reasonable value of work performed and the materials furnished. *See Air Conditioning, Inc. v. L.E. Travis & Sons, Inc.,* 578 S.W.2d 554, 556 (Tex.Civ.App.—Austin 1979, no writ).

The record reveals no evidence of the reasonable value of the work performed on the "move arounds." A witness for Sheridan testified that he had been hired to substantiate the "cost overruns" on the project, but did not testify to the reasonable value of the work performed as beneficial services rendered. He stated that the $267,195 worth of damage claims were the result of both direct and indirect labor costs, and that Sheridan's general manager had asked for the actual costs spent on the job. These calculations represented damages for breach of contract, not for quantum meruit.

In *Air Conditioning, Inc.,* 578 S.W.2d at 556, the court reversed and remanded the case because there was "no evidence to support the jury's answer [of] the reasonable value to appellant."

The court in *Black Lake Pipe Line Co. v. Union Const. Co.,* 538 S.W.2d 80, 87 (Tex.1976), held that the claim for additional costs incurred because of the failure to furnish the necessary pipeline is not a claim for extra work and is not recoverable in quantum meruit. Further, the court stated that it was not a claim for beneficial services rendered and knowingly accepted, and that it resembled more an action for breach of contract. *Id.*

The trial court did not err in granting a directed verdict on the quantum merit claim.

Point of error three is overruled.

The judgment is affirmed.