Opinion issued June 21, 2007

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00870-CV






CITY OF HOUSTON, Appellant/Appellee


V.


SWINERTON BUILDERS, INC., Appellee/Appellant






On Appeal from the 165th District Court

Harris County, Texas

Trial Court Cause No. 2006-32744






O P I N I O N

 Appellant, the City of Houston, appeals the trial court's order that denied the
City's plea to the jurisdiction on quantum meruit claims brought by appellee,
Swinerton Builders, Inc. (1) In a single issue, the City contends that Swinerton has
failed to show a legislative waiver of the city's immunity from suit, asserting that
Swinerton cannot show a waiver of immunity for its quantum meruit claim based on
a statute that waives immunity for claims for breach of contract. See Tex. Loc.
Gov't Code Ann. § 271.152 (Vernon 2006). 

 While this interlocutory appeal was pending, Swinerton attempted to amend its
petition to remove its claim in quantum meruit. Swinerton then filed a motion with
this Court to dismiss the City's appeal for want of jurisdiction. See Tex. R. App. P.
42.3(a). Per our order, the City responded, and elected to oppose Swinerton's motion
to dismiss the City's appeal.

 We conclude that section 51.014 of the Civil Practice and Remedies Code
prevents Swinerton from amending its petition below, and therefore deny Swinerton's
motion to dismiss the City's appeal. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(8), (b) (Vernon Supp. 2006) (interlocutory appeal of denial of plea to
jurisdiction by sovereign unit stays all other proceedings in trial court pending
resolution of appeal). We also conclude that the legislature has not waived local
governmental units' immunity from claims in quantum meruit. We reverse the trial
court's order denying in part the City's plea to the jurisdiction and dismiss that
portion of Swinerton's case relating to claims in quantum meruit. See Tex. R. App.
P. 43.2(c).

Background

 In 2001, the City entered into a contract with Swinerton for the construction
of the George R. Brown Convention Center Phase II Expansion. Swinerton was to
act as the project's general contractor. The project was set to be completed by late
October 2003, subject to reasonable time extensions. (2) The contract price was
$143,512,000.00. The project was substantially completed in early January 2004. 
Because time was of the essence, Swinerton alleges, it faced expenses far above and
beyond the original contract price. Swinerton attempted to collect by filing claims
with the City's engineer as required by the contract, with no success.

 Swinerton filed this lawsuit in May 2006, asserting separate causes of action
for breach of contract, quantum meruit, and a violation of the Prompt Payment Act.
See Tex. Gov't Code Ann. §§ 2251.001-2251.055 (Vernon 2000 & Supp. 2006). 
The City filed partial pleas to the jurisdiction on the quantum meruit and Prompt
Payment Act claims, asserting in part that Swinerton had not pleaded any legislative
waiver of immunity. In August 2006, Swinerton filed an amended petition, adding
a jurisdictional paragraph that stated:

 6. Suit against the City for breach of contract and quantum meruit
claims is authorized by Tex. Loc. Gov't Code §271.151 -
§271.160. Suit against the City for prompt pay violations is
authorized by Tex. Loc. Gov't Code §271.151 - 271.160 and
Tex. Gov't Code §2251.001-2251.055.


The City filed supplements to each of its pleas to the jurisdiction later that same
month. The City asserted that the amended petition did not "cure the jurisdictional
defect fatal to its quantum meruit claims," and that it did not "cure the jurisdictional
defect fatal to its Prompt Payment Act claims." The City filed with the trial court a
brief in support of its partial pleas to the jurisdiction, and Swinerton filed a brief in
reply.

 On September 19, 2006, in a single order, the trial court denied the City's plea
to the jurisdiction on Swinerton's quantum meruit claim and granted the City's plea
to the jurisdiction on Swinerton's Prompt Payment Act claim. Both parties timely
filed notices of accelerated appeal.

 On May 21, 2007, Swinerton filed an amended petition with the trial court that
purported to abandon the claim in quantum meruit. Swinerton then filed a motion in
this Court to dismiss both its own appeal and the City's appeal, asserting among other
things that its abandonment of its claim in quantum meruit renders moot the City's
appeal of the denial of the City's plea to the jurisdiction. Pursuant to this Court's
order, the City responded, contending that the automatic stay imposed by section
51.014 of the Civil Practice and Remedies Code prevents Swinerton from amending
its petition in such a way as to "pull the rug out from under" the City's appeal.

Motion to Dismiss As a preliminary matter, we will address Swinerton's motion to dismiss. 
Swinerton states that we lack jurisdiction to hear the appeal because, "[i]n
withdrawing its quantum meruit cause of action, Swinerton moots the basis for the
City's appeal of the trial court's denial of the City's plea to the jurisdiction on
Swinerton's quantum meruit claim." With no live controversy between the parties,
Swinerton contends, we must dismiss the appeal.

 The City responds that, as an issue of first impression, we should determine
that Swinerton's attempt to dismiss its quantum meruit claim is barred by the
legislature's 2003 amendment of section 51.014(b) of the Civil Practice and
Remedies Code, which states in relevant part that "An interlocutory appeal under
Subsection (a)(3), (5), or (8) . . . stays all other proceedings in the trial court pending
resolution of that appeal." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b). (3) The
City also contends that nothing would prevent Swinerton from adding a quantum
meruit claim into a new pleading if we were to dismiss the present appeal. The City
states that this is particularly troubling because Swinerton refuses to enter into a Rule
11 agreement to permanently abandon its quantum meruit claim. The City presents
the affidavit of City Attorney Malinda York Crouch, who stated that she conferred
with an attorney representing Swinerton, Courtney McKendrick. Crouch averred that
"Ms. McKendrick advised that Swinerton would not agree to a [Rule 11] stipulation
to abandon those claims because they do not know what documents may be found in
discovery."

 In a reply to the City's response, Swinerton contends that it could not enter into
a Rule 11 agreement because such an agreement would require action by the trial
court, and therefore would violate the stay imposed by section 54.014. Swinerton
further asserts in its reply that its filing of an amended petition in the district clerk's
office does not violate the stay against proceedings in the trial court. (4)

 Generally, an appellant may amend its petition in such a way as to render an
interlocutory appeal moot, thereby depriving the appellate court of jurisdiction. See
City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 755 (Tex. App.--Austin 1998, no
pet.) (holding that interlocutory appeal of denial of plea to jurisdiction based on lack
of controversy was rendered moot when appellee amended petition to allege
justiciable controversy). An appeal becomes moot "when the court's action on the
merits cannot affect the rights of the parties." VE Corp. v. Ernst & Young, 860
S.W.2d 83, 84 (Tex. 1993). 

 The City is correct that the 2003 amendment to section 51.014 of the Civil
Practice and Remedies Code differentiates this case from the general rule. Neither
party cites any case, and we have found none, that determines whether the amendment
of a plaintiff's petition is a "proceeding" that is automatically stayed under the revised
section 51.014(b). (5) As an analogy, the City directs our attention to Oryx Capital v.
Sage Apartments, decided by the San Antonio court of appeals. Oryx Capital Int'l,
Inc. v. Sage Apts., L.L.C., 167 S.W.3d 432 (Tex. App.--San Antonio 2005, no pet.). 
In that case, the appellate court ordered a stay similar to that in section 51.014, stating
that "all further proceedings at the trial court level are STAYED pending resolution
of this appeal or further order of this court." Id. at 437. Sage non-suited its case at
the trial court, and sought to have Oryx's appeal dismissed as moot. (6) Id. The court
of appeals held that "[b]ecause this court's order prohibited the continuation of
proceedings in the trial court until further notice from this court, the trial court had
no authority to entertain Sage's non-suit motion or enter the order of dismissal." Id.
at 438 (citing Tex. R. App. P. 29.5 ("While an appeal from an interlocutory order is
pending, the trial court retains jurisdiction of the case and may make further orders,
including one dissolving the order appealed from . . . . But the court must not make
an order that . . . is inconsistent with any appellate court temporary order. . . ."). We
conclude that the statutory stay in section 51.014 is analogous to the court-imposed
stay in Oryx. See id. Swinerton's actions before the trial court are therefore without
force, and do not deprive this court of jurisdiction over the present interlocutory
appeal. We deny Swinerton's motion to dismiss the City's appeal for want of
jurisdiction.

 The City has not opposed Swinerton's motion to dismiss its own appeal. 
Swinerton has not withdrawn that motion in the face of the City's response. We
therefore grant Swinerton's motion to dismiss its appeal of the trial court's order
granting the City's plea to the jurisdiction as to Swinerton's claims under the Prompt
Payment Act. We address the City's appeal of the trial court's denial of its plea to the
jurisdiction as to Swinerton's claims in quantum meruit.

Quantum Meruit

 The City contends on appeal that the trial court erred by denying its plea to the
jurisdiction on Swinerton's quantum meruit cause of action because the legislative
waiver of immunity from suit in section 271.152 of the Local Government Code is
limited to claims for breach of contract, and does not encompass claims in quantum
meruit. (7)

 Subject-matter jurisdiction is essential for a court to have the authority to
resolve a case, and trial courts lack such jurisdiction over a governmental unit that is
immune from suit. See Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex.
1999). A party may challenge a court's subject-matter jurisdiction by filing a plea to
the jurisdiction. See id. at 638-39. We review the trial court's ruling on such a plea
de novo because jurisdiction is a question of law. Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998). In conducting this de novo review, we do not examine
the underlying merit of the plaintiff's case, but consider only the plaintiff's pleadings
and the evidence pertinent to the jurisdictional inquiry. County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002). We construe the pleadings liberally in favor of
conferring jurisdiction. See Tex. Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867
(Tex. 2002); Tex. Ass'n of Bus., 852 S.W.2d at 446.

 The plaintiff bears the burden to allege facts affirmatively demonstrating the
trial court's jurisdiction to hear the case. Dallas Area Rapid Transit v. Whitley, 104
S.W.3d 540, 542 (Tex. 2003); Tex. Ass'n of Bus., 852 S.W.2d at 446. Because a
governmental unit is protected from suit by governmental immunity, pleadings in a
suit against a governmental unit must affirmatively demonstrate, either by reference
to a statute or express legislative permission, that the Legislature consented to the
suit. Jones, 8 S.W.3d at 638. Absent the governmental unit's consent to suit, the trial
court has no jurisdiction over the cause of action. Id. To prevail on a plea to the
jurisdiction, the defendant must show an incurable jurisdictional defect apparent from
the face of the pleadings, making it impossible for any amendment of the plaintiff's
petition to confer jurisdiction on the trial court. Bybee v. Fireman's Fund Ins. Co.,
160 Tex. 429, 331 S.W.2d 910, 917 (1960); City of San Angelo v. Smith, 69 S.W.3d
303, 305 (Tex. App.--Austin 2002, pet. denied).

 In Texas, governmental immunity consists of two parts: immunity from liability
and immunity from suit. Tooke v. City of Mexia, 197 S.W.3d 325, 332 (Tex. 2006). 
Immunity from liability bars enforcement of a judgment against a governmental
entity, and immunity from suit bars suit against the entity altogether. Id. By entering
into a contract, a governmental entity waives immunity from liability, but not
immunity from suit. Id. It is within the purview of the Legislature to determine
waiver of a governmental entity's immunity. Id. Such a waiver must be "clear and
unambiguous." Id. at 333. Such broad phrases as "sue and be sued" and "plead and
be impleaded" have been held not to waive immunity from suit. Id. at 342.

 In its First Amended Original Petition, Swinerton asserted that its quantum
meruit claim was authorized by sections 271.151-271.160 of the Local Government
Code. In its briefs to the trial court and to this Court, the City contends that:

  Swinerton's mere reference to a statute that waives immunity is
insufficient to confer jurisdiction on the trial court, see Tex. Dept.
of Criminal Justice v. Miller, 51 S.W.3d 583, 586-87 (Tex. 2001)
(holding that mere citation to Texas Tort Claims Act was
insufficient to withstand plea to jurisdiction); and


  the sections of the Local Government Code at issue waive
immunity only for breach of contract suits, see Tex. Loc. Gov't
Code Ann. § 271.152.


In response, Swinerton concedes that "claims for quantum meruit and breach of
contract are mutually exclusive." Swinerton contends that in the context of a
construction contract where additional expenses are incurred, a plaintiff may proceed
on a claim on the express contract and a claim in quantum meruit for extra work not
covered by the contract. Swinerton further asserts that the legislative history of
section 271.152 indicates that the legislature intended to waive immunity for claims
"arising from" or "arising under" a contract in addition to claims for breach of
contract, and that its claim in quantum meruit arises from a breach of contract. 
Swinerton does not respond to the City's contention that the petition's citation to
authority for waiver of immunity was insufficiently specific.

A. Sufficient Specificity

 We conclude as a preliminary matter that Swinerton's petition is sufficiently
specific in its citation to a legislative waiver of immunity from suit. Swinerton's
citation to sections 271.151-271.160 encompasses subchapter I, entitled
"Adjudication of Claims Arising Under Written Contracts with Local Government
Entities." Tex. Loc. Gov't Code Ann. ch. 271, subch. I (Vernon Supp. 2006). In
that subchapter, only section 271.152 contains a waiver of immunity to suit, and that
section contains only a waiver for claims for breach of contract. Id. § 271.152. There
could be no doubt which waiver Swinerton intended to assert for its breach of
contract and quantum meruit claims. 

 Furthermore, the case to which the City cites for the proposition that "mere
reference to a statute which waives immunity from suit is not sufficient to confer
jurisdiction upon the trial court" is in a different posture from the present case. In
Miller, the supreme court used language very similar to the City's statement of law,
holding that a mere reference in pleadings to the Tort Claims act did not establish the
State's consent to be sued and was therefore insufficient by itself to confer
jurisdiction on the trial court. Miller, 51 S.W.3d at 587. However, the court did not
hold that the pleading was insufficiently specific, but instead analyzed the record to
determine that, based on the facts alleged, the pleading was incorrect. Id. at 588-89. 
It was the plaintiff's whole pleading, not merely the manner in which she cited to
statute, that the supreme court found wanting.

B. Immunity Waived for Breach of Contract Only

 Section 271.152 reads:

 A local governmental entity that is authorized by statute or the
constitution to enter into a contract and that enters into a contract subject
to this subchapter waives sovereign immunity to suit for the purpose of
adjudicating a claim for breach of the contract, subject to the terms and
conditions of this subchapter.


Tex. Loc. Gov't Code Ann. § 271.152. In three cases decided on the same day in
June 2006, the supreme court remanded for further litigation the question of whether
claims in breach of contract and quantum meruit were encompassed by the waiver of
immunity in section 271.152. See McMahon Contracting v. City of Carrolton, 197
S.W.3d 387, 387 (Tex. 2006); PKG Contracting, Inc. v. City of Mesquite, 197 S.W.3d
388, 388-89 (Tex. 2006); Satterfield & Pontikes Constr., Inc. v. Irving Ind. Sch. Dist.,
197 S.W.3d 390, 391 (Tex. 2006). Based on Tooke, the court held in all three cases
that claimed waivers of immunity based on "sue and be sued" language were invalid,
but that because of the legislature's passage of section 271.152 during the pendency
of the appeals, the plaintiffs should be enabled to litigate their claims under the new
provisions. See, e.g., Satterfield & Pontikes, 197 S.W.3d at 391. The supreme court
has not since ruled on whether quantum meruit claims were intended by the
legislature to be included in section 271.152.

 When construing a statute, a court's primary objective is to give effect to the
intent of the Legislature. In re Francis, 186 S.W.3d 534, 546 (Tex. 2006). The
construction begins by examining the plain meaning of the statute's words. Id. 
However, even if the statute is not ambiguous on its face, the court may consider
other factors to determine the Legislature's intent, "including the object sought to be
obtained, the circumstances of the statute's enactment, the legislative history, the
common law or former statutory provisions, and the consequences of a particular
construction." Id.; Tex. Gov't Code Ann. § 311.023 (Vernon 2005). Courts must
give effect to all of a statute's terms. Francis, 186 S.W.3d at 546; Tex. Gov't Code
Ann. § 311.021(2) (Vernon 2005) ("entire statute is intended to be effective").

 In reading a statute, we give effect not only to the terms used, but the terms that
the legislature chose not to use in construing a statute. Cameron v. Terrell & Garrett,
Inc., 618 S.W.2d 535, 540 (Tex. 1981). The statute limits the waiver by stating that
the entity "waives sovereign immunity to suit for the purpose of adjudicating the
claim for breach of the contract." Tex. Loc. Gov't Code Ann. § 271.152.
(emphasis added). It lists no other claims, either in law or in equity. The plain
language of the statute limits the waiver to the contract cause of action.

 Swinerton points to the legislative history of the statute, which states that the
intent of the statute was to waive local government entities' immunity to suit "for the
purpose of adjudicating a claim arising under a written contract[.]" House Comm.
on Civil Practices, Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005); see also
Ben Bolt-Palito Blanco Consol. Ind. Sch. Dist. v. Tex. Political Subdivs. Prop./Cas.
Joint Self-Ins. Fund, 212 S.W.3d 320, 327 (Tex. 2006). The legislative history
further indicates, however, that the Legislature expressly opted not to use the term
"arising under" in the final version of the statute. House Comm. on Civil
Practices, Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005). The statute as
enacted refers more narrowly to suits "for the purpose of adjudicating a claim for
breach of the contract." Id. The actual wording of the statute appears to have been
chosen in response to the concerns of the bill's opponents, who feared that litigants
would attempt to use the waiver of immunity to bring non-contractual claims against
local government entities--just as Swinerton attempts to do here. See Bill
Analysis, Tex. H.B. 2093, 79th Leg., R.S. (H. Res. Org. 2005). 

 We note that Subchapter I, which contains section 271.152, bears the heading
"Adjudication of Claims Arising Under Written Contracts With Local Government
Entities." Tex. Loc. Gov't Code Ann. ch. 251 subch. I (Vernon 2006) (emphasis
added). The Code Construction Act states that "The heading of a . . . subchapter . . .
does not limit or expand the meaning of a statute." Tex. Gov't Code Ann. §
311.024 (Vernon 2005) (emphasis added). The inclusion of the words "arising
under" in the subchapter heading therefore cannot add to the plain meaning of section
271.152, which limits the legislative waiver of governmental immunity to claims for
breach of contract.

 We conclude that the legislature did not intend to include claims in quantum
meruit in the statutory waiver of immunity contained in section 271.152. We hold
that the trial court erred in denying the City's plea to the jurisdiction as to
Swinerton's quantum meruit claim because immunity from suit has not been waived
as to such claims. We sustain the City's sole issue. (8)


 Conclusion


 We reverse the trial court's denial in part of the City's plea to the jurisdiction,
and dismiss Swinerton's claim in quantum meruit.





 Elsa Alcala

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.

1. The trial court's order also denied the City's plea to the jurisdiction on the breach of
contract claims brought by Swinerton. The City concedes that the trial court's ruling
concerning the breach of contract claim is proper and that the legislature has waived
the city's governmental immunity as to the breach of contract claims. 


 The trial court's order also granted the city's plea to the jurisdiction for Swinerton's
claim under the Prompt Payment Act. See Tex. Gov't Code Ann.
§§ 2251.001-2251.055 (Vernon Supp. 2006). Swinerton challenged this portion of
the trial court's order by cross-appeal. Swinerton has since moved that this court
dismiss its cross-appeal, and the City does not object to that dismissal. We grant
Swinerton's motion to dismiss its own cross-appeal and do not reach the issue raised
therein.
2. The project was part of the City's hosting of the February 1, 2004, Super Bowl.
3. The present interlocutory appeal falls under section 51.014(a)(8), which permits an
interlocutory appeal of the grant or denial of a plea to the jurisdiction by a
governmental entity. Tex. Civ. Prac. & Rem. Code Ann. §51.014(a)(8) (Vernon
Supp. 2006).
4. In its response, the City contended that Swinerton had not removed all references to
a claim in quantum meruit from its petition. After the City filed its response,
Swinerton filed a third amended petition with the trial court removing the remaining
reference.
5. The cases to which Swinerton cites all predate the 2003 amendments to section
54.014. See Nat'l Collegiate Athletic Assoc. v. Jones, 1 S.W.3d 83, 86 (Tex. 1999)
(cited by Swinerton for proposition that appellate court may not decide moot
controversy); Wolk v. Life Partners, Inc., 994 S.W.2d 934 (Tex. App.--Waco 1999,
no pet.) (cited by Swinerton for proposition that party may dismiss own appeal);
Hallmark Personnel of Texas, Inc. v. Franks, 562 S.W.2d 933, 935 (Tex.
App.--Houston [1st Dist.] 1978, no writ) (cited by Swinerton for proposition that
when controversy is terminated, appeal becomes moot).
6. The City's point that Swinerton could re-file its quantum meruit claim is well taken. 
See Oryx Capital Int'l, Inc. v. Sage Apts., L.L.C., 167 S.W.3d 432, 437 (Tex.
App.--San Antonio 2005, no pet.). In Oryx, on the date that its appellee's brief was
due to the court of appeals, Sage took a non-suit in the trial court, then re-filed an
amended petition asserting the same claims against Oryx thirty minutes after the non-suit was granted. Id. Sage then filed a motion with the court of appeals to dismiss
Oryx's appeal as moot, presenting the trial court's order of non-suit but not revealing
that it had re-filed its cause of action. Id.
7. Breach of contract and quantum meruit are different claims requiring proof of
different elements. Tarrant Reg. Water Dist. v. Gragg, 151 S.W.3d 546, 557 (Tex.
2004).

 

 Recovery under a breach of contract claim requires proof of four elements: (1) the
existence of a valid contract, (2) performance or tendered performance by the
plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the
plaintiff as a result of the breach. Crowder v. Scheirman, 186 S.W.3d 116, 118-19
(Tex. App.--Houston [1st Dist.] 2005, no pet.). Generally, the proper measure of
damages for a common-law breach of contract claim is just compensation for the loss
or damage actually sustained, commonly referred to as the benefit of the bargain. 
Bowen v. Robinson, No. 01-05-00605-CV, 2006 WL 2192792 at *7 (Tex.
App.--Houston [1st Dist.] August 3, 2006, pet. denied).

 

 Recovery under the equitable doctrine of quantum meruit requires proof of four
elements: (1) Either valuable services or materials or both were furnished, (2) to the
party sought to be charged, (3) which were accepted by the party sought to be
charged, (4) under such circumstances as reasonably notified the recipient that the
plaintiff, in performing, expected to be paid by the recipient. Heldenfels Bros. v. City
of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992). The proper measure of damages
for a claim in quantum meruit is the reasonable value of work performed and the
materials furnished. M.J. Sheridan & Son Co. v. Seminole Pipeline Co., 731 S.W.2d
620, 625 (Tex. App.--Houston [1st Dist.] 1987, no writ).
8. The City as an alternative sub-issue contends that quantum meruit is too distinct from
breach of contract to be contemplated by any broader reading of section 271.152.
Because we have held that section 271.152 excludes claims founded in quantum
meruit, we do not reach the City's sub-issue concerning the degree of difference
between breach of contract and quantum meruit claims.