**Appellee's Motion for Rehearing Overruled; Appellee's Motion for En Banc Consideration Denied as Moot; Memorandum Opinion of August 27, 2015 Withdrawn; Reversed and Rendered and Substitute Memorandum Opinion filed December 22, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00137-CV

---

## DOMINIC MARROCCO, Appellant

## V.

## MARK HILL, Appellee

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2010-05438**

---

## SUBSTITUTE MEMORANDUM OPINION

We overrule appellee's motion for rehearing, deny appellee's motion for en banc reconsideration as moot, withdraw our opinion of August 27, 2015, and issue this substitute memorandum opinion.

In this case involving a failed business arrangement, appellant Dominic

Marrocco appeals the trial court's judgment on a jury verdict awarding appellee Mark Hill damages and attorney's fees on a quantum meruit claim. In nine issues, Marrocco challenges the legal and factual sufficiency of the evidence supporting each element of quantum meruit, the damages awarded, and the trial court's award of attorney's fees to Hill based on affidavits submitted after trial. Concluding that Hill presented no evidence of the reasonable value of his services or materials furnished to support the damages award, we reverse and render a take-nothing judgment for Marrocco.

## FACTUAL BACKGROUND

Marrocco is a founder and part owner of Idesta Solutions, Ltd., a United Kingdom company ("Idesta UK"). Idesta UK owns certain logistics software that it commercialized in Europe, which is used in tracking and billing for members of a mobile workforce. Idesta UK modified the software for the United States market and attempted to market it through a U.S.-based company called "Rapid Workforce." That effort failed, however, and Rapid Workforce went out of business.

The former president of Rapid Workforce introduced Hill to Marrocco. In July 2007, Marrocco and Hill began discussing the idea of trying to modify and sell the software Rapid Workforce developed through iDesta USA, a company to be owned by Hill. The parties contemplated that Idesta UK would license the Rapid Workforce software to iDesta USA and provide technical support. Hill would provide the "sweat equity" by promoting the software to potential clients.

On November 23, 2008, Hill met with Marrocco in Las Vegas. At the meeting, Hill presented Marrocco with a draft partnership agreement showing Hill and Marrocco individually as the contracting parties. The document recited that Marrocco would invest $510,000 in iDesta USA and receive fifty-one percent of its

2

shares. Marrocco objected to entering into any contract in his individual capacity and insisted that Hill revise the draft agreement to show Idesta UK as the contracting party in place of Marrocco individually. Hill agreed to remove any obligation for Marrocco to fund or invest in iDesta USA and any obligation by Marrocco to be liable for Hill's compensation.

The parties did not have time that day to revise the entire agreement to reflect Idesta UK as the contracting party because Hill had to leave for the airport and fly back to Texas. Marrocco nevertheless signed a signature page in a representative capacity on behalf of Idesta UK, with the understanding that Hill would generate a revised agreement reflecting Idesta UK as the contracting party and attach the signed signature page to the revised version. On December 1, 2008, Hill emailed Marrocco a revised partnership agreement showing Idesta UK as the contracting party in the body of the document and attaching the signature page signed by Marrocco on November 23. Hill later claimed that the signature page was mistakenly attached to the revised version and that Marrocco never signed any revised version of the purported partnership agreement. Hill maintained that the operative agreement between them was the one Marrocco signed on November 23, reflecting Marrocco individually as the contracting party.[1]

Hill testified that he devoted his time to promoting the iDesta USA software, but in early 2008 he began emailing Marrocco concerning the need for funding to move iDesta USA forward. Idesta UK employees contacted Hill several times offering technical support and assistance with securing funding, but Marrocco did not provide any funding himself. Hill complained that he had brought in five

---

[1] Although Hill maintained that his contract claim was based on the version of the partnership agreement Marrocco signed on November 23, he acknowledged that the signature page attached to document, which reflected that Marrocco was signing in a representative capacity for Idesta UK, was inconsistent with the body of the document, which contemplated an agreement between Hill and Marrocco individually.

potential clients but was unable to reach an agreement with any of them because Marrocco failed to provide the resources needed to get the business operations going. On March 4, 2009, Hill emailed Marrocco asking to "unwind" the deal, and on May 1, 2009, Hill asked Marrocco to pay him $402,706.78 to compensate him for the work he had done and his expenses. Marrocco did not respond.

In January 2010, Hill sued Marrocco individually for breach of contract and quantum meruit. In his petition, Hill claimed that Marrocco breached the purported partnership agreement by failing to fund iDesta USA and pay Hill's anticipated executive salary, and he was seeking breach-of-contract damages of not less than $2 million. Hill also sought quantum meruit damages for his past executive services totaling $750,000.00. Marrocco, a U.K. citizen and Nevada resident, answered the lawsuit subject to a special appearance. The trial court denied the special appearance and this court affirmed the trial court's ruling. *See Marrocco v. Hill*, No. 14-10-01077-CV, 2011 WL 5009489 (Tex. App.—Houston [14th Dist.] Oct. 20, 2011, pet. denied) (mem. op.).

Back in the trial court, a jury trial was held over the course of three days in October 2013.[2] Hill's case primarily focused on enforcing the version of the purported partnership agreement between Hill and Marrocco individually and signed by Marrocco on behalf of Idesta UK ("Plaintiff's Exhibit 2"). Plaintiff's Exhibit 2 recited that "Mr. Hill has performed services for [iDesta USA] since July 1, 2007" and "has received no compensation as of the date of execution" of the agreement. Plaintiff's Exhibit 2 also provided that as president, CEO, and managing director of iDesta USA, Hill was entitled to a draw of $5,000.00 per month from funds invested in the company, certain reimbursable expenses, and a

---

[2] Both Hill and Marrocco were present at the start of trial; however, after Hill testified, the jury was informed that Marrocco had become ill and would not return. Marrocco testified by deposition during the defense case.

salary of $250,000 once the company achieved a monetary milestone. It was undisputed that no funds were invested and the milestone was never achieved.

The jury found that Hill and Marrocco did not agree to Plaintiff's Exhibit 2, but awarded Hill $76,873.45 on his alternative quantum meruit theory. After the trial, Hill submitted evidence of his attorney's fees by affidavit. On December 9, 2013, the trial court signed a final judgment awarding Hill $76,873.45, plus pre- and post-judgment interest and attorney's fees of $171,333.34. Marrocco filed a motion for new trial and a motion for judgment notwithstanding the verdict, which were overruled by operation of law.

## ANALYSIS OF MARROCCO'S ISSUES

On appeal, Marrocco contends that Hill cannot recover in quantum meruit for services Hill allegedly performed for his own start-up company. Marrocco also challenges the legal and factual sufficiency of the evidence supporting each element of Hill's quantum meruit claim and the $76,873.45 the jury awarded as the reasonable value of Hill's services. As to the attorney's fees awarded, Marrocco contends that Hill waived his claim for attorney's fees by failing to present any evidence or request a jury question regarding attorney's fees, and by failing to obtain a Rule 11 agreement allowing him to submit attorney's fees affidavits post-trial. Finally, Marrocco contends that the evidence is legally and factually insufficient to support the award of attorney's fees.

### A.    Standard of Review

In a legal sufficiency review, we view the evidence in the light most favorable to the verdict. *Ford Motor Co. v. Castillo*, 444 S.W.3d 616, 620 (Tex. 2014) (per curiam). A legal sufficiency challenge will be sustained when the record confirms either: (a) a complete absence of evidence of a vital fact, (2) the court is

barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Id.* In evaluating a factual sufficiency challenge, we consider and weigh all the evidence in a neutral light and will set aside the finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986).

**B.    No Evidence Supports Hill's Recovery of $76,873.45 on his Quantum Meruit Claim**

Quantum meruit is an equitable theory of recovery based on an implied agreement to pay for benefits received. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Generally, a party may recover under quantum meruit only when there is no express contract covering the services or materials furnished. *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990). The elements of a quantum meruit claim include proof that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances a reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985) (citing *City of Ingleside v. Stewart*, 554 S.W.2d 939, 943 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.)).

The plaintiff must also introduce evidence on the correct measure of damages to recover on quantum meruit, which is the reasonable value of work

performed and the materials furnished. *LTS Group, Inc. v. Woodcrest Capital, L.L.C.*, 222 S.W.3d 918, 920–21 (Tex. App.—Dallas 2007, no pet.); *M.J. Sheridan & Son Co., Inc. v. Seminole Pipeline Co.*, 731 S.W.2d 620, 624–25 (Tex. App.—Houston [1st Dist.] 1987, no writ). Providing specific testimony about the amount of compensation to which a party would be entitled for the services rendered satisfies the burden to produce evidence on the correct measure of damages. *Four Points Bus., Inc. v. Rojas*, No. 01-12-00413-CV, 2013 WL 4676314, at *4 (Tex. App.—Houston [1st Dist.] Aug. 27, 2013, no pet.) (mem. op.); *see Insignia Capital Advisors, Inc. v. Stockbridge Corp.*, No. 08-01-00119-CV, 2002 WL 1038805, at *2 (Tex. App.—El Paso May 23, 2002, pet. denied) (mem. op., not designated for publication) (stating that evidence supporting the reasonable value of services may include evidence of what others received for similar services, or opinion testimony of witnesses who are familiar with the value of such services, including the opinion of the person performing the service and possibly even the person benefitting).

A quantum meruit claim does not proceed on the contract for a contract price, but proceeds independently of the contract to recover the value of the services rendered or materials furnished. *Air Conditioning, Inc. v. L.E. Travis & Sons, Inc.*, 578 SW.2d 554, 556 (Tex. Civ. App.—Austin 1979, no writ). Evidence of the anticipated benefits of a contract, without more, will not support the recovery of damages for a quantum meruit claim. *Green Garden Packaging Co., Inc. v. Schoenmann Produce Co., Inc.*, No. 01-09-00924-CV, 2010 WL 4395448, at *7 (Tex. App.—Houston [1st Dist.] Nov. 4, 2010, no pet.) (mem. op.) ("The only evidence offered in the trial court by Green Garden concerning its damages on its quantum meruit claim was its anticipated profits under the HISD contract. This amount of damages, which, if awarded, would grant Green Garden the full value of the HISD contract, is not a proper measure of damages for a quantum meruit

claim."); *M.J. Sheridan & Son Co.*, 731 S.W.2d at 625 (no evidence supported the reasonable value of the work performed by construction contractor when supporting calculations "represented damages for breach of contract, not for quantum meruit").

In his sixth issue, Marrocco contends that Hill presented no evidence or insufficient evidence that the reasonable value of Hill's services to Marrocco was $76,873.45. Hill's appellate brief contains no response to this issue. A review of the record reveals that Hill testified that he worked to promote iDesta USA without a salary and paid the majority of his expenses. Hill's May 1 email to Marrocco included a request for reimbursement of expenses totaling $6,873.45, but Hill presented no evidence related to these expenses or their reasonableness. Further, neither Hill nor any other witness provided any testimony whatsoever about the reasonable value of the services Hill provided. Hill merely requested that the jury "enforce the provisions of [Plaintiff's Exhibit 2]." Absent any evidence of the reasonable value of Hill's services or materials provided, there is no evidence to support the jury's award of $76,871.45. *See Green Garden Packaging Co.*, 2010 WL 4395448, at *6–7 (evidence of lost profits from anticipated contract was no evidence of reasonable value of plaintiff's services); *Insignia Capital Advisors, Inc.*, 2002 WL 1038805, at *2 (testimony that plaintiff's efforts had some "benefit" and some "value" to defendant was no evidence of reasonable value); *M.J. Sheridan & Son Co.*, 731 S.W.2d at 625 (additional costs incurred by company that contracted to construct pipeline were no evidence of reasonable value of work performed); *Air Conditioning, Inc.*, 578 SW.2d at 556 (testimony that reasonable value of mechanical painting was $10,000.00 was no evidence to support jury award of $23,465.00).

Because Hill provided no evidence to support the award of damages, we

sustain Marrocco's sixth issue and do not reach Marrocco's other issues concerning the sufficiency of the evidence to support the elements of quantum meruit. We reverse the trial court's judgment and render judgment that Hill take nothing on his quantum meruit claim. Because Hill has not prevailed on his sole basis for an award of attorney's fees, we also reverse the award of attorney's fees.[3]

## CONCLUSION

We reverse the trial court's judgment and render judgment that Hill take nothing on his claim for quantum meruit and his claim for attorney's fees.


/s/    Ken Wise
Justice


Panel consists of Justices Christopher, Donovan, and Wise.

---

[3] Attorney's fees are recoverable under chapter 38 of the Civil Practice and Remedies Code in quantum meruit actions. *Bluelinx Corp. v. Tex. Constr. Sys., Inc.*, 363 S.W.3d 623, 630 n.4 (Tex. App.—Houston [14th Dist.] 2011, no pet.). To recover attorney's fees under section 38.001, a party must: (1) prevail on a cause of action for which attorney's fees are recoverable and (2) recover damages. *See* Tex. Civ. Prac. & Rem. Code § 38.001; *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).