**CITY OF HOUSTON, Petitioner,**

v.

**ALLCO, INC., Respondent.**

**No. 04–0730.**

Supreme Court of Texas.

June 30, 2006.

Rehearing Denied Dec. 15, 2006.

Elizabeth L. Pool, Malinda York Crouch, Arturo G. Michel, Michael D. Hudgins, Eric Carl Nordstrom, Chandra Lashae Horne, Hudgins, Hudgins & Warrick, a Professional Corp., Houston, for petitioner.

Robert A. Plessala, Cokinos, Bosien & Young, Houston, for respondent.

PER CURIAM.

Allco, Inc. sued the City of Houston for breach of contract to provide sewer rehabilitation services and for declaratory judgment. After a bench trial, the trial court rendered judgment for Allco. The court of appeals affirmed, holding that the City's immunity from suit is waived by a provision in its charter authorizing it to "sue and be sued, ... contract and be contracted with, implead and be impleaded in all courts and places and in all matters whatever".[1] 2004 Tex.App. LEXIS 5934, 2004 WL 1471818, No. 01–02–00812–CV, at *3–8 (Tex.App.—Houston [1st Dist.] July

---

1. Act approved March 18, 1905, 29th Leg., R.S., ch. 17, art. II, sec. 1, 1905 Tex. Spec. Laws 131, 131.

**114**

1, 2004). In this Court, Allco argues that the City's immunity is also waived by section 51.013 of the Local Government Code, which states that a "municipality may sue and be sued, implead and be impleaded, and answer and be answered in any matter in any court or other place." For the reasons explained today in *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex.2006), we disagree that the City's charter or section 51.013 contains a clear and unambiguous waiver of immunity from suit. We do not reach the question whether a municipality *may* waive immunity from suit; we hold only that the charter text is not such a waiver.

While this case has been pending on appeal, the Legislature has enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including municipalities. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] ... if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. Allco should have the opportunity to argue in the court of appeals that the City's immunity from suit is waived by these provisions.

Accordingly, we grant the City's petition for review, and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the judgment of the court of appeals and remand the case to that court for further proceedings.

Justice WILLETT did not participate in this decision.