Opinion issued October 18, 2007






 







In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00812-CV






CITY OF HOUSTON, Appellant


V.


ALLCO, INC., Appellee






On Appeal from the 80th District Court 

Harris County, Texas

Trial Court Cause No. 99-56191 






OPINION ON REMAND

 The Supreme Court of Texas remanded this case to us for a determination of
whether the City of Houston's immunity from suit is waived pursuant to Local
Government Code sections 271.151-.160. City of Houston v. Allco, Inc., 206 S.W.3d
113, 114 (Tex. 2006). 

 We affirm.

Factual and Procedural Background


 In 1994, Allco entered into a contract ("the contract") with the City of Houston
("the City") to provide "sewer rehabilitation services." The contract contemplated 
that Allco would be entitled to compensation for "extra work," i.e., work that was not
already approved under the contract. To receive such compensation the contract
required that Allco give notice to and obtain approval from the City's engineer for the
extra work before the work was undertaken. The contract also provided that, subject
to the City engineer's approval, Allco was entitled to compensation "when direct and
unavoidable extra cost to [Allco] is caused by the failure of the City to provide
information or material, if any, which is to be furnished by the City." 

 Unrelated to the contract, residents of the Kennedy Heights region of Houston
filed a toxic tort suit in 1995 against Chevron U.S.A., Inc. in Texas state court. The
residents alleged that Chevron contaminated the soil in their neighborhoods with
petroleum by-products. On July 10, 1995, the state court ordered the City to notify
counsel for the tort plaintiffs of any sewer work being performed in the Kennedy
Heights subdivision. That order was dissolved by further order on August 11, 1995. 

 In June 1996, Allco was conducting sewer rehabilitation work for the City
under work order number 38 in the Crestmont subdivision--an area included within
the scope of the Kennedy Heights tort litigation. At that time, the City had not
informed Allco of the Kennedy Heights litigation filed in state court. Also unknown
to Allco, another lawsuit had been filed by Kennedy Heights residents in Houston
federal court. On June 18, 1996, at 5:10 p.m., a federal marshal served Allco with a
temporary restraining order signed by the federal judge in the second Kennedy
Heights suit. The order required Allco to cease further excavation work on the
Crestmont project. At that time, Allco had 70 to 80 open trenches in the Crestmont
subdivision. Allco faxed a copy of the temporary restraining order to the City's
public works department. 

 The following day, Allco entered into an agreed order, which required Allco 
to establish a plan to "rope off" the construction site and areas where the excavated
dirt was stored and to provide the tort plaintiffs access to monitor the site. Allco
hauled the dirt, which had been excavated prior to Allco's receiving the restraining
order, to an esplanade where the dirt was covered and a fence was erected. 

 Although the contract permitted Allco to use the excavated dirt to refill the
trenches it had dug, Allco believed that the language of the agreed order, requiring
it to secure the dirt, prevented Allco from using that dirt to refill the trenches. As a
result, Allco purchased and trucked in new dirt--an expense it would not have
normally incurred under the contract. During these activities, city inspectors were
present at the work site.

 On June 21, 1996, an assistant city attorney sent Allco a letter, demanding that
Allco dispose of the "excess excavated material and debris." If Allco did not do as
requested, the assistant city attorney warned that Allco would be in breach of the
contract. After receiving the letter, Allco paid for the transport and disposal of the
excavated dirt. As part of the disposal process, Allco hired a company to test the
excavated dirt to determine whether it was contaminated. By the end of July 1996,
the excavated dirt had been trucked to a landfill for disposal at Allco's expense.

 On February 10, 1998, Allco submitted a claim to the City for the extra work
associated with the Kennedy Heights litigation. The city attorney denied the claim
six months later. In April 1999, Allco sought approval for the extra work from the
City's engineer. The City did not respond. 

 Allco filed suit against the City, alleging breach of contract and seeking
$89,306.43 in damages for the extra work it had completed in the Crestmont
subdivision. Following a bench trial, the trial court signed a judgment in favor of
Allco. The court found that Allco was entitled only to part of the damages it
requested, awarding Allco $27,468.88 in damages, which represented the cost of
testing, of moving, and of ultimately disposing of the excavated dirt, and included
$1,375.00 in attorney's fees paid by Allco to defend against the federal court
restraining order. 

 In support of its judgment, the trial court signed findings of fact and
conclusions of law, including the following findings: (1) the contract provides for
extra work; (2) the contract "requires notice, relative to extra costs, and Allco used
this format in complying with the claim filing process"; (3) Allco reasonably believed
that the assistant city attorney instructed it to remove the soil; (4) Allco reasonably
responded to the agreed order and the assistant city attorney's directive in removing
the excavated soil; (5) Allco detrimentally relied on the directive of the assistant city
attorney and the agreed order in making its decision to remove the excavated dirt; (6)
Allco would have sought written authorization from the City for the extra work had
the City informed Allco of the Kennedy Heights litigation; and (7) Allco acted
reasonably and in the interest of public safety in removing potentially contaminated
soil.

 The City appealed the trial court's judgment to this Court. Among its
contentions on appeal, the City asserted that Allco was not entitled to reimbursement
for the extra work associated with the Kennedy Heights litigation because Allco had
not complied with the contract by obtaining approval from the City's engineer before
commencing the extra work. We disagreed, concluding that the City, by its conduct,
had waived the contractual notice and approval requirements with regard to extra
work. City of Houston v. Allco, Inc., No. 01-02-000812-CV, 2004 WL 1471818 at
*4-5 (Tex. App.--Houston [1st Dist.] 2004, July 1, 2004), rev'd on other grounds,
206 S.W.3d at 114. In upholding the trial court's breach of contract award to Allco,
we wrote,

 Assuming the contract provisions at issue in this case are conditions
precedent to the City's contractual obligation to pay Allco for extra
work, the controlling findings of fact in this case support a conclusion
that the City waived performance of these conditions by its words and
deeds. Specifically, the findings of fact relating to the City's failure to
inform Allco of the Kennedy Heights litigation and the assistant city
attorney's directive to dispose of the excavated soil support such
conclusion.

Id. at *5. We also concluded that Allco was entitled to the compensation awarded by
the trial court because equity would not permit the enforcement of a forfeiture under
a contract in an inequitable and oppressive manner. Id. In other words, we concluded
that Allco should not be required to forfeit its right to compensation under the
contract for lack of notice and approval from the City, given the City's conduct and
the public safety concerns at issue. See id. 

 In its appeal, the City also asserted that it was immune from suit. Following
our own precedent and that of the supreme court, we held that the City had waived
its immunity from suit because the City's charter provided that the City could "sue
and be sued." Id. at *3. Nearly two years after our decision, the supreme court
handed down Tooke v. City of Mexia in which it held, for the first time, that a "sue
and be sued" provision in a city charter does not, by itself, constitute an unambiguous
waiver of governmental immunity. 197 S.W.3d 325, 344 (Tex. 2006). Citing Tooke,
the supreme court overruled our decision that the "sue and be sued" clause waived the
City's immunity from suit. Allco, 206 S.W.3d at 114. Nevertheless, the supreme
court did not hold that the City was immune from suit. The supreme court recognized
that, while this case was pending in the supreme court, 

 the Legislature [] enacted sections 271.151-.160 of the Local
Government Code, which waive immunity from suit for certain claims
against local governmental entities, including municipalities. Sections
271.152-.154 'apply to a claim that arises under a contract executed
before [September 1, 2005] . . . if sovereign immunity has not been
waived with respect to the claim' before that date. 

Id. (citing Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws
1548, 1549). The supreme court remanded this case to us solely on the basis that
"Allco should have the opportunity to argue in the court of appeals that the City's
immunity from suit is waived by these provisions." (1) Id. Accordingly, we determine
whether the City's immunity from suit is waived pursuant to Local Government Code
sections 271.151-.160.

Statutory Waiver of Immunity


A. Statutory Provisions

 Local Government code section 271.152 provides,

 A local governmental entity that is authorized by statute or the
constitution to enter into a contract and that enters into a contract subject
to this subchapter waives sovereign immunity to suit for the purpose of
adjudicating a claim for breach of the contract, subject to the terms and
conditions of this Subchapter. 


Tex. Loc. Gov't Code Ann. § 271.152 (Vernon 2005). Section 271.153, entitled
"Limitation on Adjudication Awards," limits and defines the damages that may be
recovered against a local government entity, as follows:

 (a) The total amount of money awarded in an adjudication brought
against a local governmental entity for breach of a contract subject to
this subchapter is limited to the following:


 (1) the balance due and owed by the local governmental
entity under the contract as it may have been amended,
including any amount owed as compensation for the
increased cost to perform the work as a direct result of
owner-caused delays or acceleration;


 (2) the amount owed for change orders or additional work
the contractor is directed to perform by a local
governmental entity in connection with the contract; and


 (3) interest as allowed by law. 


 (b) Damages awarded in an adjudication brought against a local
governmental entity arising under a contract subject to this subchapter
may not include:


 (1) consequential damages, except as expressly allowed under
Subsection (a)(1);


 (2) exemplary damages; or


 (3) damages for unabsorbed home office overhead. 


Id. § 271.153 (Vernon 2005). 


 In this case, the parties do not dispute that the City is "a local governmental
entity" and that the contract at issue is a "contract subject to this subchapter" because
it is a "written contract stating the essential terms of the agreement for providing
goods or services to [a] local governmental entity that [was] properly executed on
behalf of the local governmental entity." See id. § 271.151(2), (3)(A). Instead, the
dispute in this case centers on whether Allco's damages are statutorily permitted. 
This is the issue that we determine.

B. Analysis

 The contract between Allco and the City contemplated that, subject to the
approval of the City's engineer, Allco would be compensated for the costs of extra
work it performed. As mentioned, the trial court awarded Allco $27,468.88 for the
costs it incurred to test, to move, and to ultimately dispose of the excavated dirt, and
for the $1,375 in attorney's fees paid by Allco to defend against the federal court
restraining order. Allco sued for these out-of-pocket costs as direct damages owed
under the contract. Among the legal theories Allco advanced in the trial court to
support this recovery was its claim that it was entitled to these costs under the
contract's extra work provisions and under the provision specifying that Allco was
entitled to compensation for costs incurred as a result of the City's failure to furnish
information. That is, under its theory of the case, Allco was seeking "the balance due
and owed by [the City] under the contract." Id. § 271.153(a)(1). Accordingly, the
damages sought and recovered by Allco were permitted by Local Government Code
section 271.153(a)(1).

 The City contends that Allco is not entitled to compensation for the cost of
testing the excavated soil because the testing was neither a cost authorized under the
contract nor was it approved by the City as an extra work cost. Allco points out that
we recently held in City of Houston v. Swinerton Builders, Inc. that Local
Government Code section 271.152 waives the City's immunity from suit for certain
breach of contract claims only and does not waive the City's immunity for quantum
meruit claims or other "claims in law or in equity." No. 01-06-00870-CV, 2007 WL
1775989, at *6 (Tex. App.--Houston [1st Dist.] June 21, 2007, no pet.). The City
argues that, "[u]nless the Contract addressed separate or additional payment for this
activity [soil testing], Allco would be relegated to a claim in quantum meruit . . . ." 

 We disagree that Allco's claim to recover the cost of the soil testing was based
on a separate claim for quantum meruit. Allco has never wavered from its position,
neither in the trial court nor in this Court, that it was entitled to recover the cost of the
soil testing under the express provisions of the contract. On remand, Allco cites the
contract provision permitting it to recover extra costs incurred as a result of the City's
failure to provide information as a basis to recover the cost of soil testing. That
provision sets no limitation on the type of extra costs that can be recovered. 
Moreover, there is no indication in the record that the trial court awarded the cost of
the soil testing as a measure of quantum meruit damages; to the contrary, every
indication is that the trial court awarded the damages as measure of breach of contract
damages. In sum, Allco's request for compensation and its recovery regarding the
cost of the soil testing arose from Allco's breach of contract claim, not from a
quantum meruit claim. 

 The City also contends on remand that the cost of hauling and disposing of the
excavated soil was a cost included in the contract price and was not recoverable as
an extra cost under the contract. In this regard, the City relies on the trial court's
finding of fact that "[t]he Contract provided that the cost of hauling and disposing
excess excavated material and debris is to be included in the price bid for the relevant
item requiring excavation." 

 The City's contention that the contract itself expressly prohibited the recovery
of these damages was an argument to have been raised by the City in the trial court
and in its initial appellate briefing to this Court when it first appealed the trial court's
judgment. Whether the contract prohibited the costs of hauling and disposing of the
excavated dirt is not the issue before us on remand. The limited issue we are
presented with is whether these costs are the type of damages permitted by Local
Government Code section 271.153. As discussed, in support of its breach of contract
claim, Allco sought the costs of hauling and disposing of the excavated dirt as a
direct damage under the express provisions of the contract. That is, Allco argued in
the trial court that these costs were due and owed under the contract. Such damages
are the type permitted pursuant to section 271.153. See Tex. Loc. Gov't Code
Ann. § 271.153(a)(1). 

 Lastly, the City contends that Local Government Code section 271.159
prohibits Allco's recovery of the $1,375 in attorney's fees paid by Allco to defend
against the federal court restraining order. Section 271.159 provides,

 Attorney's fees incurred by a local governmental entity or any other
party in the adjudication of a claim by or against a local governmental
entity shall not be awarded to any party in the adjudication unless the
local governmental entity has entered into a written agreement that
expressly authorizes the prevailing party in the adjudication to recover
its reasonable and necessary attorney's fees by specific reference to this
section.

Tex. Loc. Gov't Code Ann. § 271.159 (Vernon 2005). 

 Noting that the contract pre-dated section 271.159 by 10 years, the City asserts
that Allco cannot recover the attorney's fees because the contract does not reference
section 271.159, as required by that provision. We agree with Allco that section
271.159 is not applicable to the $1,375 in attorney's fees awarded Allco. 

 The attorney's fees were not "incurred by a local governmental entity or any
other party in the adjudication of a claim by or against a local governmental entity,"
as specified in section 271.159. Rather, Allco incurred the attorney's fees defending
against the federal restraining order. Allco requested the attorney's fees as direct
damages owed under the provisions of the contract, and not as attorney's fees owed
for the prosecution of the instant suit. As with the other costs claimed by Allco in
conjunction with the Kennedy Heights litigation and due under the contract, Allco
was entitled to these costs as provided in Local Government Code section
271.153(a)(1). 


Conclusion


 We conclude that the damages sought and awarded by the trial court were
permitted by Local Government Code section 271.153(a)(1). We hold that the City's
immunity from suit is statutorily waived with respect to Allco's breach of contract
claim.

 We affirm the judgment of the trial court.





 Laura Carter Higley

 Justice


Panel consists of Justices Taft, Hanks, and Higley.
1. Without citing authority, the City contends in its supplemental briefing on remand that 
this matter should be remanded to the trial court for determination, rather than to this
Court. Such an argument more properly would have been raised to the supreme court
in a motion for rehearing. We are bound by the mandate of the supreme court and
thus must consider the issue on remand as specified in City of Houston v. Allco, Inc.,
206 S.W.3d 113, 114 (Tex. 2006).