Gloria Grening **WOLK** and Bialkin Books, Appellants,

v.

**LIFE PARTNERS, INC., Appellee.**

**No. 10–99–128–CV.**

Court of Appeals of Texas, Waco.

June 23, 1999.

Britton D. Monts, Law Offices of Britton D. Monts, Dallas, Tom C. McCall & Ritchie, L.L.P., Austin, for appellant.

R. Scott Peden, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

PER CURIAM.

Life Partners, Inc. (Life Partners) sued Gloria Wolk (Wolk) for defamation. The court entered an interlocutory default judgment on April 1, 1999, and after a hearing on damages, awarded $1.5 million in a final judgment dated April 9. Wolk, a resident of California, filed a special appearance under Rule 120a and a motion to vacate the default judgment. TEX.R. CIV. P. 120a. On April 27, within its 30–day plenary power under Rule 329b(d), the court denied the special appearance but granted a new trial. *Id.* 329b(d).

Wolk filed an interlocutory appeal from the order denying her special appearance, as allowed by section 51.014 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(7) (Vernon Supp.1999). Life Partners filed a notice of cross-appeal from the order granting the new trial.

On May 21, Wolk filed in this court a motion to dismiss the cross-appeal for want of jurisdiction, pointing out that an order granting a new trial is an interlocutory, non-appealable order. That motion also seeks sanctions for a frivolous appeal. On June 11, she filed a motion to dismiss her own appeal. Both motions will be granted, and the motion for sanctions will be denied.

■ A party may dismiss its own appeal under Rule 42.1(a)(2), which provides:

(a) The appellate court may dispose of an appeal as follows:

. . .

(2) in accordance with a motion of appellant to dismiss the appeal or affirm the appealed judgment or order; but no party may be prevented from seeking any relief to which it would otherwise be entitled.

TEX.R.APP. P. 42.1(a)(2). Thus, Wolk's motion to dismiss her appeal is proper and is granted.

■ The next question is whether we may also dismiss Life Partners' cross-appeal. As noted, Wolk's motion to dismiss cannot preclude Life Partners from "seeking any relief to which it would otherwise be entitled." *See id.* In this instance, however, Life Partners is seeking to set aside an order granting a new trial.

Our Supreme Court is explicit on this question:

An order granting a new trial within [the plenary power] period is not subject to review either by direct appeal from the order, or from a final judgment after further proceedings in the trial court.

*Cummins v. Paisan Const. Co.,* 682 S.W.2d 235, 236 (Tex.1984) (per curiam). Life Partners could not have appealed from the order granting a new trial; it cannot appeal the order as a cross-appeal. Thus, we grant Wolk's motion to dismiss the cross-appeal.

Wolk's motion for sanctions is denied.