**CITY OF HOUSTON,**
**Appellant/Appellee**

v.

**SWINERTON BUILDERS, INC.,**
**Appellee/Appellant.**

**No. 01–06–00870–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 21, 2007.

Malinda York Crouch, Senior Assistant City Atty., Arturo G. Michel, Bertrand L. Pourteau II, City of Houston Legal Dept., Houston, for Appellant.

Courtney A. McKinedrick, Stanley W. Curry, Curry, McSwain & Associates, P.C., San Antonio, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, the City of Houston, appeals the trial court's order that denied the City's plea to the jurisdiction on quantum meruit claims brought by appellee, Swinerton Builders, Inc.[1] In a single issue, the City contends that Swinerton has failed to show a legislative waiver of the city's im-

---

**1.** The trial court's order also denied the City's plea to the jurisdiction on the breach of contract claims brought by Swinerton. The City concedes that the trial court's ruling concerning the breach of contract claim is proper and that the legislature has waived the city's governmental immunity as to the breach of contract claims.

The trial court's order also granted the city's plea to the jurisdiction for Swiner-

ton's claim under the Prompt Payment Act. *See* TEX. GOV'T CODE ANN. §§ 2251.001–2251.055 (Vernon Supp.2006). Swinerton challenged this portion of the trial court's order by cross-appeal. Swinerton has since moved that this court dismiss its cross-appeal, and the City does not object to that dismissal. We grant Swinerton's motion to dismiss its own cross-appeal and do not reach the issue raised therein.

munity from suit, asserting that Swinerton cannot show a waiver of immunity for its quantum meruit claim based on a statute that waives immunity for claims for breach of contract. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (Vernon 2006).

While this interlocutory appeal was pending, Swinerton attempted to amend its petition to remove its claim in quantum meruit. Swinerton then filed a motion with this Court to dismiss the City's appeal for want of jurisdiction. *See* TEX. R.APP. P. 42.3(a). Per our order, the City responded, and elected to oppose Swinerton's motion to dismiss the City's appeal.

We conclude that section 51.014 of the Civil Practice and Remedies Code prevents Swinerton from amending its petition below, and therefore deny Swinerton's motion to dismiss the City's appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8), (b) (Vernon Supp.2006) (interlocutory appeal of denial of plea to jurisdiction by sovereign unit stays all other proceedings in trial court pending resolution of appeal). We also conclude that the legislature has not waived local governmental units' immunity from claims in quantum meruit. We reverse the trial court's order denying in part the City's plea to the jurisdiction and dismiss that portion of Swinerton's case relating to claims in quantum meruit. *See* TEX.R.APP. P. 43.2(c).

## Background

In 2001, the City entered into a contract with Swinerton for the construction of the George R. Brown Convention Center Phase II Expansion. Swinerton was to act as the project's general contractor. The project was set to be completed by late October 2003, subject to reasonable time extensions.[2] The contract price was $143,512,000.00. The project was substantially completed in early January 2004. Because time was of the essence, Swinerton alleges, it faced expenses far above and beyond the original contract price. Swinerton attempted to collect by filing claims with the City's engineer as required by the contract, with no success.

Swinerton filed this lawsuit in May 2006, asserting separate causes of action for breach of contract, quantum meruit, and a violation of the Prompt Payment Act. *See* TEX. GOV'T CODE ANN. §§ 2251.001–2251.055 (Vernon 2000 & Supp.2006). The City filed partial pleas to the jurisdiction on the quantum meruit and Prompt Payment Act claims, asserting in part that Swinerton had not pleaded any legislative waiver of immunity. In August 2006, Swinerton filed an amended petition, adding a jurisdictional paragraph that stated:

6. Suit against the City for breach of contract and quantum meruit claims is authorized by TEX. LOC. GOV'T CODE § 271.151– § 271.160. Suit against the City for prompt pay violations is authorized by TEX. LOC. GOV'T CODE § 271.151–271.160 and TEX. GOV'T CODE § 2251.001–2251.055.

The City filed supplements to each of its pleas to the jurisdiction later that same month. The City asserted that the amended petition did not "cure the jurisdictional defect fatal to its *quantum meruit* claims," and that it did not "cure the jurisdictional defect fatal to its Prompt Payment Act claims." The City filed with the trial court a brief in support of its partial pleas to the jurisdiction, and Swinerton filed a brief in reply.

On September 19, 2006, in a single order, the trial court denied the City's plea to the jurisdiction on Swinerton's quantum meruit claim and granted the City's plea to

---

2. The project was part of the City's hosting of the February 1, 2004, Super Bowl.

the jurisdiction on Swinerton's Prompt Payment Act claim. Both parties timely filed notices of accelerated appeal.

On May 21, 2007, Swinerton filed an amended petition with the trial court that purported to abandon the claim in quantum meruit. Swinerton then filed a motion in this Court to dismiss both its own appeal and the City's appeal, asserting among other things that its abandonment of its claim in quantum meruit renders moot the City's appeal of the denial of the City's plea to the jurisdiction. Pursuant to this Court's order, the City responded, contending that the automatic stay imposed by section 51.014 of the Civil Practice and Remedies Code prevents Swinerton from amending its petition in such a way as to "pull the rug out from under" the City's appeal.

## Motion to Dismiss

■ As a preliminary matter, we will address Swinerton's motion to dismiss. Swinerton states that we lack jurisdiction to hear the appeal because, "[i]n withdrawing its *quantum meruit* cause of action, Swinerton moots the basis for the City's appeal of the trial court's denial of the City's plea to the jurisdiction on Swinerton's *quantum meruit* claim." With no live controversy between the parties, Swinerton contends, we must dismiss the appeal.

The City responds that, as an issue of first impression, we should determine that Swinerton's attempt to dismiss its quantum meruit claim is barred by the legislature's 2003 amendment of section 51.014(b) of the Civil Practice and Remedies Code,

which states in relevant part that "An interlocutory appeal under Subsection (a)(3), (5), or (8) ... stays all other proceedings in the trial court pending resolution of that appeal." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(b).[3] The City also contends that nothing would prevent Swinerton from adding a quantum meruit claim into a new pleading if we were to dismiss the present appeal. The City states that this is particularly troubling because Swinerton refuses to enter into a Rule 11 agreement to permanently abandon its quantum meruit claim. The City presents the affidavit of City Attorney Malinda York Crouch, who stated that she conferred with an attorney representing Swinerton, Courtney McKendrick. Crouch averred that "Ms. McKendrick advised that Swinerton would not agree to a [Rule 11] stipulation to abandon those claims because they do not know what documents may be found in discovery."

In a reply to the City's response, Swinerton contends that it could not enter into a Rule 11 agreement because such an agreement would require action by the trial court, and therefore would violate the stay imposed by section 54.014. Swinerton further asserts in its reply that its filing of an amended petition in the district clerk's office does not violate the stay against proceedings in the trial court.[4]

■ Generally, an appellant may amend its petition in such a way as to render an interlocutory appeal moot, thereby depriving the appellate court of jurisdiction. *See City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 755 (Tex. App.-Austin 1998, no pet.) (holding that

**3.** The present interlocutory appeal falls under section 51.014(a)(8), which permits an interlocutory appeal of the grant or denial of a plea to the jurisdiction by a governmental entity. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2006).

**4.** In its response, the City contended that Swinerton had not removed all references to a claim in quantum meruit from its petition. After the City filed its response, Swinerton filed a third amended petition with the trial court removing the remaining reference.

interlocutory appeal of denial of plea to jurisdiction based on lack of controversy was rendered moot when appellee amended petition to allege justiciable controversy). An appeal becomes moot "when the court's action on the merits cannot affect the rights of the parties." *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993).

The City is correct that the 2003 amendment to section 51.014 of the Civil Practice and Remedies Code differentiates this case from the general rule. Neither party cites any case, and we have found none, that determines whether the amendment of a plaintiff's petition is a "proceeding" that is automatically stayed under the revised section 51.014(b).[5] As an analogy, the City directs our attention to *Oryx Capital v. Sage Apartments*, decided by the San Antonio court of appeals. *Oryx Capital Int'l, Inc. v. Sage Apts., L.L.C.*, 167 S.W.3d 432 (Tex.App.-San Antonio 2005, no pet.). In that case, the appellate court ordered a stay similar to that in section 51.014, stating that "all further proceedings at the trial court level are STAYED pending resolution of this appeal or further order of this court." *Id.* at 437. Sage non-suited its case at the trial court, and sought to have Oryx's appeal dismissed as moot.[6] *Id.* The court of appeals held that "[b]ecause this court's order prohibited the continuation of proceedings in the trial court until further notice from this court, the trial court had no authority to entertain Sage's non-suit motion or enter the order of dismissal." *Id.* at 438 (citing TEX.R.APP. P. 29.5 ("While an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and may make further orders, including one dissolving the order appealed from.... But the court must not make an order that ... is inconsistent with any appellate court temporary order....")). We conclude that the statutory stay in section 51.014 is analogous to the court-imposed stay in *Oryx*. *See id.* Swinerton's actions before the trial court are therefore without force, and do not deprive this court of jurisdiction over the present interlocutory appeal. We deny Swinerton's motion to dismiss the City's appeal for want of jurisdiction.

The City has not opposed Swinerton's motion to dismiss its own appeal. Swinerton has not withdrawn that motion in the face of the City's response. We therefore grant Swinerton's motion to dismiss its appeal of the trial court's order granting the City's plea to the jurisdiction as to Swinerton's claims under the Prompt Payment Act. We address the City's appeal of the trial court's denial of its plea to the jurisdiction as to Swinerton's claims in quantum meruit.

## Quantum Meruit

■ The City contends on appeal that the trial court erred by denying its plea to

---

5. The cases to which Swinerton cites all predate the 2003 amendments to section 54.014. *See Nat'l Collegiate Athletic Assoc. v. Jones*, 1 S.W.3d 83, 86 (Tex.1999) (cited by Swinerton for proposition that appellate court may not decide moot controversy); *Wolk v. Life Partners, Inc.*, 994 S.W.2d 934 (Tex.App.-Waco 1999, no pet.) (cited by Swinerton for proposition that party may dismiss own appeal); *Hallmark Personnel of Texas, Inc. v. Franks*, 562 S.W.2d 933, 935 (Tex.App.-Houston [1st Dist.] 1978, no writ) (cited by Swinerton for proposition that when controversy is terminated, appeal becomes moot).

6. The City's point that Swinerton could re-file its quantum meruit claim is well taken. *See Oryx Capital Int'l, Inc. v. Sage Apts., L.L.C.*, 167 S.W.3d 432, 437 (Tex.App.-San Antonio 2005, no pet.). In *Oryx*, on the date that its appellee's brief was due to the court of appeals, Sage took a non-suit in the trial court, then re-filed an amended petition asserting the same claims against Oryx thirty minutes after the non-suit was granted. *Id.* Sage then filed a motion with the court of appeals to dismiss Oryx's appeal as moot, presenting the trial court's order of non-suit but not revealing that it had re-filed its cause of action. *Id.*

the jurisdiction on Swinerton's quantum meruit cause of action because the legislative waiver of immunity from suit in section 271.152 of the Local Government Code is limited to claims for breach of contract, and does not encompass claims in quantum meruit.[7]

Subject-matter jurisdiction is essential for a court to have the authority to resolve a case, and trial courts lack such jurisdiction over a governmental unit that is immune from suit. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). A party may challenge a court's subject-matter jurisdiction by filing a plea to the jurisdiction. *See id.* at 638–39. We review the trial court's ruling on such a plea de novo because jurisdiction is a question of law. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). In conducting this de novo review, we do not examine the underlying merit of the plaintiff's case, but consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We construe the pleadings liberally in favor of conferring jurisdiction. *See Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex.2002); *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003); *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Because a governmental unit is protected from suit by governmental immunity, pleadings in a suit against a governmental unit must affirmatively demonstrate, either by reference to a statute or express legislative permission, that the Legislature consented to the suit. *Jones*, 8 S.W.3d at 638. Absent the governmental unit's consent to suit, the trial court has no jurisdiction over the cause of action. *Id.* To prevail on a plea to the jurisdiction, the defendant must show an incurable jurisdictional defect apparent from the face of the pleadings, making it impossible for any amendment of the plaintiff's petition to confer jurisdiction on the trial court. *Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 917 (1960); *City of San Angelo v. Smith*, 69 S.W.3d 303, 305 (Tex.App.-Austin 2002, pet. denied).

---

7. Breach of contract and quantum meruit are different claims requiring proof of different elements. *Tarrant Reg. Water Dist. v. Gragg*, 151 S.W.3d 546, 557 (Tex.2004).

Recovery under a breach of contract claim requires proof of four elements: (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach. *Crowder v. Scheirman*, 186 S.W.3d 116, 118–19 (Tex. App.-Houston [1st Dist.] 2005, no pet.). Generally, the proper measure of damages for a common-law breach of contract claim is just compensation for the loss or damage actually sustained, commonly referred to as the benefit of the bargain. *Bowen v. Robinson*, 227 S.W.3d 86, 96 (Tex.App.-Houston [1st Dist.] 2006, pet. denied).

Recovery under the equitable doctrine of quantum meruit requires proof of four elements: (1) Either valuable services or materials or both were furnished, (2) to the party sought to be charged, (3) which were accepted by the party sought to be charged, (4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient. *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992). The proper measure of damages for a claim in quantum meruit is the reasonable value of work performed and the materials furnished. *M.J. Sheridan & Son Co. v. Seminole Pipeline Co.*, 731 S.W.2d 620, 625 (Tex. App.-Houston [1st Dist.] 1987, no writ).

In Texas, governmental immunity consists of two parts: immunity from liability and immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from liability bars enforcement of a judgment against a governmental entity, and immunity from suit bars suit against the entity altogether. *Id.* By entering into a contract, a governmental entity waives immunity from liability, but not immunity from suit. *Id.* It is within the purview of the Legislature to determine waiver of a governmental entity's immunity. *Id.* Such a waiver must be "clear and unambiguous." *Id.* at 333. Such broad phrases as "sue and be sued" and "plead and be impleaded" have been held not to waive immunity from suit. *Id.* at 342.

In its First Amended Original Petition, Swinerton asserted that its quantum meruit claim was authorized by sections 271.151–271.160 of the Local Government Code. In its briefs to the trial court and to this Court, the City contends that:

- Swinerton's mere reference to a statute that waives immunity is insufficient to confer jurisdiction on the trial court, *see Tex. Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 586–87 (Tex.2001) (holding that mere citation to Texas Tort Claims Act was insufficient to withstand plea to jurisdiction); and
- the sections of the Local Government Code at issue waive immunity only for breach of contract suits, *see* TEX. LOC. GOV'T CODE ANN. § 271.152.

In response, Swinerton concedes that "claims for quantum meruit and breach of contract are mutually exclusive." Swinerton contends that in the context of a construction contract where additional expenses are incurred, a plaintiff may proceed on a claim on the express contract and a claim in quantum meruit for extra work not covered by the contract. Swinerton further asserts that the legislative history of section 271.152 indicates that the legislature intended to waive immunity for claims "arising from" or "arising under" a contract in addition to claims for breach of contract, and that its claim in quantum meruit arises from a breach of contract. Swinerton does not respond to the City's contention that the petition's citation to authority for waiver of immunity was insufficiently specific.

## A. Sufficient Specificity

We conclude as a preliminary matter that Swinerton's petition is sufficiently specific in its citation to a legislative waiver of immunity from suit. Swinerton's citation to sections 271.151–271.160 encompasses subchapter I, entitled "Adjudication of Claims Arising Under Written Contracts with Local Government Entities." TEX. LOC. GOV'T CODE ANN. ch. 271, subch. I (Vernon Supp.2006). In that subchapter, only section 271.152 contains a waiver of immunity to suit, and that section contains only a waiver for claims for breach of contract. *Id.* § 271.152. There could be no doubt which waiver Swinerton intended to assert for its breach of contract and quantum meruit claims.

Furthermore, the case to which the City cites for the proposition that "mere reference to a statute which waives immunity from suit is not sufficient to confer jurisdiction upon the trial court" is in a different posture from the present case. In *Miller*, the supreme court used language very similar to the City's statement of law, holding that a mere reference in pleadings to the Tort Claims act did not establish the State's consent to be sued and was therefore insufficient by itself to confer jurisdiction on the trial court. *Miller*, 51 S.W.3d at 587. However, the court did not hold that the pleading was *insufficiently specific*, but instead analyzed the record to de-

termine that, based on the facts alleged, the pleading was *incorrect.* *Id.* at 588–89. It was the plaintiff's whole pleading, not merely the manner in which she cited to statute, that the supreme court found wanting.

## B. Immunity Waived for Breach of Contract Only

 Section 271.152 reads:

A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152. In three cases decided on the same day in June 2006, the supreme court remanded for further litigation the question of whether claims in breach of contract and quantum meruit were encompassed by the waiver of immunity in section 271.152. *See McMahon Contracting v. City of Carrollton,* 197 S.W.3d 387, 387 (Tex.2006); *PKG Contracting, Inc. v. City of Mesquite,* 197 S.W.3d 388, 388–89 (Tex.2006); *Satterfield & Pontikes Constr., Inc. v. Irving Ind. Sch. Dist.,* 197 S.W.3d 390, 391 (Tex.2006). Based on *Tooke,* the court held in all three cases that claimed waivers of immunity based on "sue and be sued" language were invalid, but that because of the legislature's passage of section 271.152 during the pendency of the appeals, the plaintiffs should be enabled to litigate their claims under the new provisions. *See, e.g., Satterfield & Pontikes,* 197 S.W.3d at 391. The supreme court has not since ruled on whether quantum meruit claims were intended by the legislature to be included in section 271.152.

When construing a statute, a court's primary objective is to give effect to the intent of the Legislature. *In re Francis,* 186 S.W.3d 534, 546 (Tex.2006). The construction begins by examining the plain meaning of the statute's words. *Id.* However, even if the statute is not ambiguous on its face, the court may consider other factors to determine the Legislature's intent, "including the object sought to be obtained, the circumstances of the statute's enactment, the legislative history, the common law or former statutory provisions, and the consequences of a particular construction." *Id.;* TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005). Courts must give effect to all of a statute's terms. *Francis,* 186 S.W.3d at 546; TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005) ("entire statute is intended to be effective").

 In reading a statute, we give effect not only to the terms used, but the terms that the legislature chose not to use in construing a statute. *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981). The statute limits the waiver by stating that the entity "waives sovereign immunity to suit for the purpose of adjudicating the claim *for breach of the contract.*" TEX. LOC. GOV'T CODE ANN. § 271.152. (emphasis added). It lists no other claims, either in law or in equity. The plain language of the statute limits the waiver to the contract cause of action.

Swinerton points to the legislative history of the statute, which states that the intent of the statute was to waive local government entities' immunity to suit "for the purpose of adjudicating a claim arising under a written contract[.]" HOUSE COMM. ON CIVIL PRACTICES, Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005); *see also Ben Bolt–Palito Blanco Consol. Ind. Sch. Dist. v. Tex. Political Subdivs. Prop./Cas. Joint Self–Ins. Fund,* 212 S.W.3d 320, 327 (Tex. 2006). The legislative history further indicates, however, that the Legislature ex-

pressly opted not to use the term "arising under" in the final version of the statute. HOUSE COMM. ON CIVIL PRACTICES, Bill Analysis, Tex. H.B.2039, 79th Leg., R.S. (2005). The statute as enacted refers more narrowly to suits "for the purpose of adjudicating a claim for breach of the contract." *Id.* The actual wording of the statute appears to have been chosen in response to the concerns of the bill's opponents, who feared that litigants would attempt to use the waiver of immunity to bring non-contractual claims against local government entities—just as Swinerton attempts to do here. *See* BILL ANALYSIS, Tex. H.B.2093, 79th Leg., R.S. (H.Res.Org.2005).

We note that Subchapter I, which contains section 271.152, bears the heading "Adjudication of Claims *Arising Under* Written Contracts With Local Government Entities." TEX. LOC. GOV'T CODE ANN. ch. 251 subch. I (Vernon 2006) (emphasis added). The Code Construction Act states that "The heading of a ... subchapter ... does not limit *or expand* the meaning of a statute." TEX. GOV'T CODE ANN. § 311.024 (Vernon 2005) (emphasis added). The inclusion of the words "arising under" in the subchapter heading therefore cannot add to the plain meaning of section 271.152, which limits the legislative waiver of governmental immunity to claims for breach of contract.

We conclude that the legislature did not intend to include claims in quantum meruit in the statutory waiver of immunity contained in section 271.152. We hold that the trial court erred in denying the City's plea to the jurisdiction as to Swinerton's quantum meruit claim because immunity

from suit has not been waived as to such claims. We sustain the City's sole issue.[8]

### Conclusion

We reverse the trial court's denial in part of the City's plea to the jurisdiction, and dismiss Swinerton's claim in quantum meruit.

---

8. The City as an alternative sub-issue contends that quantum meruit is too distinct from breach of contract to be contemplated by any broader reading of section 271.152. Because we have held that section 271.152

excludes claims founded in quantum meruit, we do not reach the City's sub-issue concerning the degree of difference between breach of contract and quantum meruit claims.