Opinion issued November 20, 2008 









Opinion issued November
20, 2008


 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00808-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CITY OF HOUSTON, Appellant

 

V.

 

SOUTHERN ELECTRICAL SERVICES, INC., AS ASSIGNEE OF THE
MORGANTI GROUP, INC., AND THE MORGANTI GROUP, Appellees

 

 



On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 2005-35287








 

 

 

 

 

 

 



O P I N I O N

 

          The City of Houston appeals the trial court’s order denying its plea to the jurisdiction in a suit for
breach of contract brought by appellees, Southern Electrical Services, Inc.
(SES), and the Morganti Group, Inc. (Morganti) against the City.  The City
contends that the trial court erred in denying its plea to the jurisdiction
because SES and Morganti failed to allege facts in their pleadings which would
bring the claim within the waiver of governmental immunity that Sections
271.151­­­–160 of the Texas Local Government Code confer.  See Tex. Loc. Gov’t Code Ann. §§
271.151–.160 (Vernon 2005).  We conclude that SES alleges sufficient facts “for
the purpose of adjudicating a claim for breach of contract.”  We therefore
affirm the trial court’s order.

Background

          The City sought bids from
companies to construct a new Central Concourse at William P. Hobby Airport.  Morganti bid to be a general contractor on the project.  Morganti, in turn,
requested bids from subcontractors to perform work on the project, and SES, as
a subcontractor, prepared its bid for its portion of the project based on a
“prevailing wage rate” scale that the city provided to the bidders in its bid
documents.  Both under the contract and by statute, the City required its
contractors and subcontractors on the project to pay their employees the local
prevailing wage rate.[1]  See Tex. Gov’t Code Ann. §§ 2258.001–.026 (Vernon ­­­2008).  SES and Morganti subsequently were awarded contracts to perform the
work.  SES timely completed its performance under the contract.  After entering
the contract, SES discovered that the City had amended its prevailing wage rate
and certified higher wage scales than the rates it certified in the contract
for the project.  In their petition, SES and Morganti claim that, in providing
incorrect wage scales in the contract documents, the City breached the
contract.  SES seeks the difference in the wages under the incorrectly
certified wage scale provided in the documents and the correct prevailing wage
scale.  

          The City filed a plea to
the jurisdiction, asserting that the allegations in appellees’ petitions failed
to come within the waiver of governmental immunity from suit conferred in
Sections 271.151–.160 of the Texas Local Government Code.  See Tex. Loc.
Gov’t Code Ann. §§ 271.151–.160 (Vernon 2005).

          As part of the proceedings, parties introduced the
contract, which provides in relevant part,

1.1
 Contractor shall execute
the Work in accordance with the Contract Documents, except to the extent
specifically indicated in the Contract Documents to be the responsibility of
others, or as otherwise provided herein.

 

. . . .



3.1 Subject to the terms and
conditions of the Contract Documents, City shall pay Contractor in current
funds for Contractor’s performance of the Contract, the Contract Price of
[$77,039,273.86].

 

(Emphasis added).  Attached to and incorporated into the
contract were additional “general conditions” and “supplementary conditions,”
which provided, in relevant part,

1.1  
BASIC DEFINITIONS

 

. . . .

 

1.1.5                 
Contract:  The Contract
Documents form the Contract for Work.  The Contract represents the entire
and integrated agreement between parties and supersedes prior negotiations,
representations or agreements, either written or oral.  The Contract may be
amended or modified only by a Modification. . . .

 

1.1.6                 
Contract Documents:  The
Agreement between the City and Contractor, the portions of the Contractor’s Bid
attached to the Agreement, and any post-bid documentation submitted prior
to the execution when attached to the Agreement, . . . the Conditions of the
Contract, . . . appropriate addenda, . . . and other documents as
they are specifically enumerated in the Agreement, plus Modifications.

 

1.1.12            
Modification:  A Modification to
the Contract Documents, issued after the Effective Date of the Agreement, is
a Change Order, a Work Change Directive, or a written order for a minor change
in the Work issued by the City Engineer.

 

. . . .

 

3.6    
PREVAILING WAGE RATES

 

3.6.1     
Contractor shall comply with
the governing statutes providing for labor classification of wage scales, as
stipulated in Document 00800—Supplementary Conditions, for each craft or type of laborer, worker, or
mechanic. 

 

3.6.1.1          
Prevailing wage rates
applicable to the Work shall be as stated in the Agreement, and as bound by in
the Project Manual.

 

3.6.1.2          
The prevailing wage rates
applicable to the Work shall be Document 00812 – Wage Scale/Engineering/FAA, as
bound in the Project Manual.   Documents 00811 and 00813 shall not apply.

 

3.6.2     
Each week the Contractor shall
submit to the City Affirmative Action and Contract Compliance Division,
certified copies of payrolls showing classification and wages paid by the
Contractor and all Subcontractors for each employee working on the Project for
any day included in the Contract.

 

Document 00812 is attached to the
Contract, showing a scale of wage rates to be paid to different types of employees. 
In its petition, SES alleges that the City breached by failing to pay Morganti
the increased costs caused by the City’s increase in the prevailing wage rate
for work performed by SES under the subcontract.  Accordingly, SES states: “The
City’s failure to pay was and is a breach of Section 3.6.1, as modified, of the
contract with Morganti.  Moreover, Section 22.58.022 of the Texas Government
Code required the City to provide Morganti with accurate prevailing wage
rates.”  SES is an assignee of Morganti.

Standard of Review

A plea to the
jurisdiction is a dilatory plea that seeks dismissal of a case for lack of
subject matter jurisdiction.  Harris County v. Sykes, 136 S.W.3d
635, 638 (Tex. 2004); Villarreal v. Harris County, 226 S.W.3d 537, 541 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  The question of whether a court has subject
matter jurisdiction is a matter of law; accordingly, we review de novo the
trial court’s ruling on a plea to the jurisdiction.  Hoff v. Nueces County, 153 S.W.3d 45, 48 (Tex. 2004); Tex. Dep’t of Parks & Wildlife
v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  Governmental immunity from
suit precludes the exercise of subject matter jurisdiction and thus is properly
asserted in a plea to the jurisdiction.  Miranda, 133 S.W.3d at 225–26; Villarreal,
226 S.W.3d at 541.   

The purpose of a plea to
the jurisdiction is to “defeat a cause of action without regard to whether the
claims asserted have merit.”  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554 (Tex. 2000).  It does not involve delving into the substance of the
plaintiff’s claims, but rather, examination of whether the merits of those
claims should be reached.  Id.  Accordingly, in reviewing the trial court’s
ruling on a plea to the jurisdiction, we construe the pleadings liberally in
favor of the plaintiff and determine if the pleader has alleged facts that
affirmatively demonstrate the court’s jurisdiction to hear the cause.  Villarreal,
226 S.W.3d at 541.  If the pleadings lack sufficient facts to affirmatively demonstrate
the trial court’s jurisdiction, but do not reveal incurable defects in
jurisdiction, the issue is one of pleading sufficiency, and the trial court may
either afford the plaintiff an opportunity to amend or await further
development of the case on the merits.  Miranda, 133 S.W.3d at 226–27.  Conversely,
if the pleadings affirmatively negate the existence of jurisdiction, then the
trial court may grant a plea to the jurisdiction without providing the
plaintiff an opportunity to amend.  Id. at 227.

Governmental Immunity

          The common-law doctrine of
governmental immunity protects political subdivisions of the state, including
counties, cities, and school districts by providing them with immunity from
liability as well as immunity from suit.  Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist., 212 S.W.3d, 323–24 (Tex. 2006); Tooke v. City of Mexia,
197 S.W.3d 325, 330 n.11 (Tex. 2006); City of Houston v. Swinerton Builders,
Inc., 233 S.W.3d 4, 11 (Tex. App.—Houston [1st Dist.] 2007, no pet.). 
Immunity from liability bars enforcement of a judgment against a political
subdivision without its consent.  Tooke, 197, S.W.3d at 332.  By
entering into a contract, a governmental entity waives its immunity from
liability, but does not waive immunity from suit.  Id.  It is within the
purview of the Legislature to determine a waiver of a political subdivision’s
immunity from suit, and such waiver must be “clear and unambiguous.”  Id. at 332–33.

          The Legislature recently
enacted Sections 271.151–.160 of the Texas Local Government Code, which waive
governmental immunity in suits for breach of contract.  Section 271.152
provides:

A local governmental entity that is authorized by
statute or the constitution to enter into a contract and that enters into a
contract subject to this subchapter waives sovereign immunity to suit for
the purpose of adjudicating a claim for breach of contract, subject to the
terms and conditions of this subchapter.

 

Tex. Loc.
Gov’t Code Ann. §
271.152 (Vernon 2005) (emphasis added).   Section 271.153, in turn, limits the
types of damages permitted under the Section 271.152 waiver.  Section 271.153
provides,

(a) The total amount of money awarded
in an adjudication brought against a local governmental entity for breach of
contract subject to this subchapter is limited to the following:

 

(1) the balance due and owed by the
local governmental entity under the contract as it may have been amended,
including any amount owed as compensation for the increased cost to perform the
work as a direct result of owner-caused delays or acceleration;

                                                                   

(2) the amount owed for change orders
or additional work the contractor is directed to perform by a local
governmental entity in connection with the contract; and

                        

(3) interest as allowed by law.

 

Tex. Loc.
Gov’t Code Ann. §
271.153.  Section 271.153 further provides that damages arising under a
contract subject to the subchapter may not include consequential damages or
exemplary damages.  Id.

It is undisputed here
that the contract is the type that falls within Section 271.152.  But
the City seeks dismissal under 271.153, contending that SES and Morganti have
failed to plead damages that fall within the requirements of Section 271.153. 
The City asserts that the contract only requires it to pay SES and Morganti the
original lump sum due, not increased labor costs.  The City further asserts
that, since the contract was not amended by a modification as defined by the
contract, there is no “balance due” under the contract or an increased cost
because of a delay or acceleration of the work.  SES and Morganti respond that,
because the City was contractually and statutorily required to provide it with
accurate prevailing wage scales, and the bid was “subject to” such a term, the
provision of incorrect prevailing wage scales was a breach of contract and the
“balance due and owed by the local government entity under the contract”
includes monies it paid due to the City’s breach.

          In a case involving a plea
to the jurisdiction, we do not adjudicate the substance of the case, but
determine whether a court has the power to reach the merits of the claim.  Bland,
34 S.W.3d at 554.  We construe the pleadings liberally in favor of the
plaintiff and determine if the pleader has alleged facts that affirmatively
demonstrate the court’s jurisdiction to hear the cause.  Villarreal, 226
S.W.3d at 541.  This constrains our consideration of the facts here.  The City
essentially asks that we find the claim for damages lacking in merit because
nothing in the contract imposes an obligation on the City to adjust the
contract price, and thus the City owes nothing in damages.  But an
“adjudication” of such a claim is exactly what the Legislature allows in
Section 271.152.  Section 271.153 does not retract the privilege granted in
Section 271.152 to adjudicate the claim for breach, if a plaintiff alleges
facts to support such a claim and seeks recovery only of damages to the extent
allowed.  See City of Mesquite v. PKG Contracting, Inc., 263 S.W.3d 444,
448 (Tex. App.—Dallas 2008, no pet.) (holding that statutory limitations on the
contractor’s recoverable damages imposed by Section 271.152 did not deprive the
trial court of subject matter jurisdiction to adjudicate the breach of contract
claim).  To observe that the claim will fail does not deprive the trial court
of jurisdiction to hear it – or in the Legislature’s own words, “adjudicate”
it.  SES’s pleadings allege sufficient facts to qualify this case as a waiver
of sovereign immunity as granted by statute, by alleging facts to support their
claim that the City has not paid “the balance due and owed under the
contract.”  

We hold that the
plaintiffs alleged facts sufficient to fall within the government’s waiver of
immunity “for the purpose of adjudicating a claim for breach of contract.”  We
therefore affirm the order of the trial court.     

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.

 









[1] According to Texas Government Code Sections
2258.021–.023, contractors are required to pay in accordance with the wage
rates only if the government entity provides them, and the public body’s
determination of the general prevailing rate of per diem wages is final. Tex. Gov’t Code Ann. §§ 2258.022(e),
2258.023(c) (Vernon 2008).