Opinion issued August 25, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00490-CV

———————————

City of Deer Park, Appellant

V.

Jose Ibarra,
Emilio Vargas, MArio Torres, jose lemus, roberto delgado, santiago bravo,
carlos vasquez, hugo martinez, sual balseca, vincente martinez, and Luis
Ibarra, Appellees



 



 

On Appeal from the 165th Judicial District Court 

Harris County, Texas



Trial Court Case No. 2010-03312

 



 

MEMORANDUM OPINION

In this interlocutory
appeal,[1]
appellant, the City of Deer Park (“the City”), challenges the trial court’s order
denying its plea to the jurisdiction on the breach of contract, tort,
equitable, and statutory claims made against it by appellees, Jose Ibarra, Emilio
Vargas, Mario Torres, Jose Lemus, Roberto Delgado, Santiago Bravo, Carlos
Vasquez, Hugo Martinez, Saul Balseca, Vicente Martinez, and Luis Ibarra
(collectively, the “workers”).  In its
sole issue, the City contends that the trial court erred in denying its plea to
the jurisdiction in which it asserted that the workers have not asserted a
claim against the City for which its governmental immunity is waived.  

          We
affirm in part and reverse in part. 

Background

          In
their Second Amended Petition, the workers allege that in 2009, the City, after
soliciting public bids, contracted with Bay Utilities, L.L.C., a general
contractor, for the construction of a new roadway and parking lot for the
City’s Fire Training Field.  In
accordance with the bid specifications, Bay Utilities, in order to ensure
performance under the agreement, obtained a “Performance and Payment Surety
Bond” from First National Insurance Company of America (the “payment bond
insurer”) in the amount of $122,650.38. 
Bay Utilities then contracted with a subcontractor, Evenflow Services,
L.L.C. (“Evenflow”), to perform the work described in the contract with the
City.  Evenflow then contracted with the
workers to do the required labor, which they performed on the project from June
to November 2009.  However, the workers
only received payment for approximately one and one-half of a month’s
work.  And, despite repeated requests for
payment, the workers did not receive payment for the total amount of their
work.  

          On
December 4, 2009, the workers, seeking payment of their unpaid wages in the
amount of $55,397.50 and attorneys’ fees in the amount of $5,300, sent a demand
letter to Bay Utilities, Evenflow, and the payment bond insurer, but not to the
City.  David Long, the president of Bay
Utilities, and Royce Choate, the president of Evenflow, then informed the
workers that because they had “hired an attorney and opted to exercise their
rights under the law,” their “services with Evenflow and Bay Utilities were no
longer required and [their] jobs were terminated.”  

          On
December 8, 2009, Long informed the workers’ attorney that he had been “unaware
that [Evenflow] had failed to pay the workers until he received the demand
letter.”  Two days later, Long signed an
“Affidavit of Bills Paid” in support of a request for payment from the City,
representing that, “All just and lawful invoices against [Bay Utilities] for
labor, materials and expendable equipment employed in the performance of the
contract [] have been paid in full . . . prior to acceptance of
payments from the [City],” “no claims have been made or filed upon the payment
bond,” and Bay Utilities “has not received any claims or notice of claims from
the subcontractor, materialman’s and suppliers.”  

          Based
on Long’s affidavit, the City, on January 12, 2010, issued payment to Bay
Utilities in the amount of $63,792.22 for completion of the project.  Subsequently, Bay Utilities, on January 19,
2010, sent the workers a letter containing calculations made by Evenflow, which
showed that it owed the workers thousands of dollars for their labor.  

          The
workers then filed the instant suit against the City, Bay Utilities, Long,
Evenflow, Choate, and the payment bond insurer.[2]  The City then filed its plea to the
jurisdiction, asserting immunity as a bar to the workers’ breach of contract,
tort, equitable, and statutory claims.   


Standard of Review

An appeal may be taken from an interlocutory order that
grants or denies a plea to the jurisdiction filed by “a governmental
unit.”  Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008); id.
§ 101.001(3)(D) (Vernon 2011).  We review de novo a trial court’s ruling on a jurisdictional plea.  See Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex. Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).  When reviewing a trial court’s ruling on a
plea, “we first look to the pleadings to determine if jurisdiction is proper,
construing them liberally in favor of the plaintiffs and looking to the
pleader’s intent,” and “we consider relevant evidence submitted by the parties
when necessary to resolve the jurisdictional issues raised.”  City of Waco v. Kirwan, 298 S.W.3d 618, 621–22 (Tex. 2009); see also Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001) (“[W]e consider the facts alleged by
the plaintiff and, to the extent it is relevant to the jurisdictional issue,
the evidence submitted by the parties.”).  In considering this evidence, we “take as true
all evidence favorable to the nonmovant” and “indulge every reasonable
inference and resolve any doubts in the nonmovant’s favor.”  Kirwan, 298 S.W.3d at 622 (quoting Miranda, 133 S.W.3d
at 228).  

A “pleader must allege facts that affirmatively demonstrate
the court’s jurisdiction to hear the cause.” 
City of Houston v. Rushing, 7 S.W.3d 909, 913 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).  It is proper for a trial court to dismiss
claims over which it does not have subject matter jurisdiction but retain
claims in the same case over which it has jurisdiction.  Thomas v. Long, 207 S.W.3d
334, 338–39 (Tex. 2006).  That is, a trial court is not
required to deny an otherwise meritorious plea to the jurisdiction concerning
some claims because the trial court has jurisdiction over other claims.  Id. at 339. 


 

Governmental Immunity

In its sole issue, the City argues
that the trial court erred in denying its plea to the jurisdiction because the
workers’ complaint “arises out of the City’s performance of a governmental
function” and they failed to plead a “legislative waiver of governmental
immunity” to assert their claims against the City.  

Governmental immunity protects political
subdivisions of the state, including cities, from lawsuits for money damages,
unless such immunity has been waived.[3]
 Reata
Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006). Governmental
immunity, like sovereign immunity, involves immunity from suit and immunity
from liability.  Harris Cnty. Hosp. Dist. v. Tomball Reg’l Hosp., 283 S.W.3d 838, 842 (Tex. 2009); Mission Consol. Indep. Sch. Dist. v. Garcia,
253 S.W.3d 653, 655 n.2 (Tex.
2008) (explaining that “both types of immunity afford the same degree of
protection”).  Immunity from suit is
jurisdictional and bars suit, whereas immunity from liability is not
jurisdictional and protects from judgments. 
Harris Cnty. Hosp. Dist., 283
S.W.3d at 842.    

When governmental immunity is waived
by the legislature, the legislature must use clear and unambiguous language
indicating its intent do so.  See Kirby Lake Dev., Ltd. v. Clear Lake City
Water Auth., 320 S.W.3d 829, 838 (Tex. 2010); Harris Cnty. Hosp. Dist., 283 S.W.3d at 842.  A
plaintiff bears the burden to affirmatively demonstrate the trial court’s
jurisdiction by alleging a valid waiver of immunity, which may be either a
reference to a statute or to express legislative permission.  Tex. Dep’t of
Transp. v. Jones,
8 S.W.3d 636, 637 (Tex. 1999).    

A municipality, like the City, has immunity only for its
governmental acts, not its proprietary acts. 
East Houston Estate Apartments.,
L.L.C. v. City of Houston, 294 S.W.3d 723, 730 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  In the
Texas Tort Claims Act, the legislature has noted that governmental functions
“are those functions that are enjoined on a municipality by law and are given
it by the state as part of the state’s sovereignty, to be exercised by the
municipality in the interest of the general public.”  Tex.
Civ. Prac. & Rem. Code Ann. § 101.0215 (Vernon 2011).  On the other hand, a proprietary act is an
act performed by a municipality in its discretion, primarily for the benefit of
those within its corporate limits rather than for the general public.  Id.
§ 101.0215(b).  The legislature has
expressly stated that governmental functions include fire protection, street
construction and design, and parking facilities.  Id. § 101.0215(a)(1),
(25), (31).  

 

Breach of Contract Claims

In regard to the workers’ breach of
contract claims, the City argues that the workers have not met their burden of affirmatively
demonstrating the trial court’s jurisdiction by alleging a valid waiver of
immunity because they have not alleged a breach of contract claim against the
City, the City did not breach its contract with Bay Utilities, and the City did
not waive its immunity by conduct.   

In their Second Amended Petition,
the workers assert that the City “has a duty in the public interest to properly
administer the contracts it signs with its general contractors and
subcontractors by developing contractual conditions and guidelines that ensure
proper administration and management of those contracts and ensure laborers and
suppliers are paid accurately and on time.” 
They further assert that the purpose of the City’s contract with Bay
Utilities “was to benefit those within the corporate limits of the
municipality” and “not the interest of the residents of Texas or the public at large.”  They thus conclude that the City entered into
its contract with Bay Utilities “in the exercise of its proprietary functions,”
and argue that because the City “was not acting as an agent for the State of
Texas, as the benefits of the contract it entered into were not for the public
in general, the City is not immune from tort or contract liability.” 

In support of their conclusion, the
workers rely upon Tooke v. City of Mexia,
197 S.W.3d 325, 343 (Tex. 2006).  They
point us to the supreme court’s use of the following language:

A municipality is not immune
from suits for torts committed in the performance of its proprietary functions,
as it is for torts committed in the performance of its governmental
functions.  But we have never held that
this same distinction determines whether immunity for suit is waived for breach
of contract claims, and we need not determine that issue here.

 

Id.  The court, however, explained that such a
distinction was not necessary in the case before it because the legislature had
expressly included the type of services contracted for in that case, i.e.,
waste removal, as among a municipality’s governmental functions for purposes of
tort liability.  Id. at 343–44.  The court noted that the “Texas Constitution authorizes the [l]egislature
to ‘define for all purposes those functions of a municipality that are to be
considered governmental and those that are proprietary, including reclassifying
a function’s classification assigned under prior statute or common law.’”
Id. (citing Tex. Const. art. XI, § 13).  The court then concluded, “[W]e see no reason to think that the classification
would be different under the common law. 
Thus, even if the City were not immune from suit for breach of a
contract whose subject lies within its proprietary functions, the [plaintiffs’]
contract does not qualify” because the legislature had already determined that
such functions were governmental.  Id. at 344.  

This Court and several other courts
of appeals have subsequently applied the governmental-proprietary dichotomy in
breach of contract cases.  See Temple v. City of Houston, 189 S.W.3d 816, 821 (Tex. App.—Houston [1st Dist.] 2006,
no pet.) (“Because
the City was performing a proprietary function in providing insurance for its
employees, the City does not have sovereign immunity.”); see also City of Emory v. Lusk, 278 S.W.3d 77, 83 (Tex. App.—Tyler 2009, no pet.) (holding that “due to the City’s
immunity [under Texas Civil Practice and Remedies Code section 101.0215], the Lusks are precluded from
filing a suit for breach of contract”); City of Houston v. Petroleum Traders Corp., 261 S.W.3d 350, 355 (Tex. App.—Houston [14th Dist.] 2008,
no pet.) (examining Tooke and stating, “Even assuming for
argument’s sake that the dichotomy does apply to PTC’s contract claim, the fuel
purchases at issue here are a governmental function”); City of Weslaco v. Borne, 210 S.W.3d 782, 791–92
(Tex. App.—Corpus Christi 2006, pet. denied) (analyzing breach of contract claim with “assumption
that the proprietary-governmental dichotomy extends to breach of contract
claims”).  

Here, similar to the court in Tooke, we note that the legislature has expressly
included “police and fire protection and control,” “street construction and
design,” and “parking facilities” as governmental functions, which encompass
the services the City contracted for with Bay Utilities.  Accordingly, we conclude that the City was
performing a governmental function when it entered into its contract with Bay
Utilities.  

Having so concluded, we must determine whether the workers
have otherwise affirmatively demonstrated
the trial court’s jurisdiction by alleging a valid waiver of immunity.  The legislature has expressly waived the
governmental immunity from suit of local governmental entities for certain
contract claims: 

A local governmental entity that is
authorized by statute or the constitution to enter into a contract and that
enters into a contract subject to this subchapter waives sovereign immunity to
suit for the purpose of adjudicating a claim for breach of the contract,
subject to the terms and conditions of this subchapter.

 

Tex. Loc. Gov’t Code Ann. § 271.152 (Vernon 2005).  The statute defines a “[c]ontract subject to
this subchapter” as “a written contract stating the essential terms of the
agreement for providing goods or services to the local governmental entity
that is properly executed on
behalf of the local governmental entity.”  Id.
§ 271.151(2).

          In their petition, the workers assert
that they are “direct and third party beneficiaries” to the contract between
the City and Bay Utilities and the contract between Bay Utilities and
Evenflow.  Thus, the workers conclude
that the legislature has waived the City’s immunity “by operation of law.”  The City argues that there is no waiver of
immunity because there is no contractual relationship between the City and the
workers and the City did not breach its contract with Bay Utilities.  The workers respond that Texas Local
Government Code section 271.151(2) provides for the waiver of the City’s
immunity in this case because it entered into a contract for “goods or
services” and the workers are “direct and third party beneficiaries to the
contracts” at issue.[4]  

In
its reply brief, the City argues that its plea to the jurisdiction shifts to
the workers the burden of supporting their claim with factual allegations,
there is a presumption against third party beneficiary agreements, and it owes
no burden to produce the contract to negate the workers’ claims of third party
beneficiary status.  It then argues that because the workers’ allegations
regarding their third party beneficiary claim are conclusory, the workers did
not satisfy their burden to plead facts—rather than conclusions —to support their claim as required by Miranda. 
See Miranda, 133 S.W.3d at
226; see also City of Pasadena v. Kuhn,
260 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  But the
City did not raise this argument in its original brief or in its plea to the
jurisdiction.  Because it was not raised in the trial court, the workers
were never given an opportunity to amend their petition to include specific
facts supporting this claim.  See Miranda, 133 S.W.3d at 226
(plaintiffs should be allowed to amend petition in response to plea to
jurisdiction to allege sufficient facts to affirmatively demonstrate the trial
court’s jurisdiction); see also Tex.
Dep’t of Trans. v. Olivares, 316 S.W.3d 89, 107 (Tex. App.—Houston [14th
Dist.] 2010, no pet.) (remanding to allow plaintiffs reasonable opportunity to
amend their pleadings relative to jurisdictional issue raised for first time on
appeal).  

          The pertinent contracts are not part
of the record in this appeal.  It is
well-settled that third-party beneficiary claims succeed or fail according to
the contract upon which a suit is brought. 
Union Pacific R.R. Co. v. Novus
Intern., Inc., 113 S.W.3d 418, 421 (Tex. App.—Houston [1st Dist.] 2003, no
pet.); Greenville Ind. Sch. Dist. v. B
& J Excavating, Inc., 694 S.W.2d 410, 412 (Tex. App.—Dallas 1985, writ
ref’d n.r.e.).  Because the record does
not include a copy of the pertinent contracts, it is “impossible for us to
determine what liabilities and obligations, if any, are described therein.”  B & J Excavating, Inc, 694 S.W.2d at
412.  Accordingly, construing the workers’
pleadings liberally in their favor, as we must, we hold that the trial court
did not err in denying the City’s plea to the jurisdiction on the workers’
claim for breach of contract.[5] 

Quantum Meruit and Promissory
Estoppel Claims

The City argues that the trial
court erred in not dismissing the workers’ equitable claims against it because
the legislature has not waived the City’s governmental immunity from quantum
meruit and promissory estoppel claims.   

In their Second Amended Petition,
the workers assert that the City “waived immunity from suit by entering into
and accepting the benefits of the contract which applies to a proprietary
function.”  However, they make no specific
allegations regarding waiver of immunity as to their quantum meruit and
promissory estoppel claims.  Rather, in
regard to these claims, the workers merely “incorporate by reference” certain
preceding paragraphs of their petition. 
The workers’ pleadings
must affirmatively demonstrate, either by reference to a statute or express legislative
permission, that the legislature consented to suit on their claims.  Jones, 8 S.W.3d at 638. 
Absent such consent to suit, a trial court has no jurisdiction over the claims.  Id.  We construe the
workers’ “incorporat[ion] by reference” as an assertion that immunity is waived
“by operation of law” or by conduct because the City contracted with Bay
Utilities. 

As noted above, the legislature has
waived governmental immunity from suit for local governmental entities when
they enter into certain contracts.  See Tex.
Gov’t Code Ann. § 271.152. 
However, this Court has held that section 271.152’s waiver of immunity
does not include claims founded in quantum meruit.  City of
Houston v. Swinerton Builders, Inc., 233 S.W.3d 4, 13 (Tex. App.—Houston
[1st Dist.]  2007, no pet.) (section 271.152 waives sovereign immunity only for breach of contract and “lists no other claims, either in law or in equity”; therefore, section 271.152 does not apply to claims for quantum meruit ); see
also H & H Sand & Gravel, Inc. v. City of Corpus
Christi,
No. 13-06-00677-CV, 2007 WL 3293628, at *3 (Tex. App.—Corpus Christi Nov. 8,
2007, pet. denied)
(mem. op.) (holding that claims in equity, including waiver by acceptance of
material and benefit and detrimental reliance, are not encompassed by section 271.152’s limited waiver).  Furthermore, section 271.152(2) defines a
“contract subject to this subchapter” as a “written contract.”  Because a claim for
promissory estoppel is not a claim on a written contract, immunity is not
waived under section 271.152 for such a claim. 
The workers’ promissory estoppel and quantum meruit claims sound in
equity, and they are simply not included in section 271.152’s limited waiver of
governmental immunity.  See Swinerton
Builders, Inc., 233 S.W.3d
at 13.

In their Second Amended Petition,
the workers also assert that the City waived immunity from suit by “entering
into and accepting the benefits of the contract,” thus waiving its immunity “by
conduct and by operation of law.” 
Although the supreme court has not specifically approved of waiver of
immunity by conduct, this Court has held that a governmental entity may waive
its immunity by conduct.  Tex. S. Univ. v. State St. Bank & Trust
Co., 212 S.W.3d 893, 908 (Tex. App.—Houston [1st Dist.] 2007, pet. denied);
see also Catalina Dev., Inc. v. County of
El Paso, 121 S.W.3d 704, 706 (Tex. 2003) (stating that while some
circumstances might warrant recognizing waiver by conduct, such exception did
not exist under facts).  In State
 Street
, this Court found that the governmental
entity “lured” the plaintiff into a lease with false promises that a contract
would be valid and enforceable, then disclaimed any obligation on the contract
by taking the position that it was not valid after all.  212 S.W.3d at 908.  We characterized the situation as involving
“extraordinary factual circumstances” that warranted recognition of a waiver of
immunity by conduct.  Id.  

In the instant case, however, there
are no such “extraordinary factual circumstances.”  There is no allegation that the City lured
the workers into performing their jobs with false promises.  Although under certain circumstances a
governmental entity may waive its immunity by conduct, “the equitable basis for
such waiver simply does not exist under this set of facts.”  See Catalina
Dev., Inc., 121 S.W.3d at 706. 
Accordingly, we hold that the trial court erred in denying the City’s
plea to the jurisdiction as to the workers’ quantum meruit and promissory
estoppel claims.   

Negligent Administration of Contract

The City argues that the trial
court erred in not dismissing the workers’ “negligent administration of
contract” claims against it because the legislature has not waived the City’s
governmental immunity from such a tort claim under the Texas Tort Claims
Act.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 101.025.

In alleging their claim for
negligent administration of contract against the City, the workers, in their
Second Amended Petition, assert that the City is not immune from tort liability
because it was performing a proprietary function when it executed its contract
with Bay Utilities.  However, as noted
above, the City’s action were governmental in nature, not proprietary.  See id.
§ 101.0215(b); Tooke, 197 S.W.3d at
343.  

Alternatively, the workers argue
that the legislature has waived the City’s immunity under the Texas Tort Claims
Act because the City, in the public interest, has a duty to hire and properly
train employees that will develop contractual conditions and guidelines to
ensure the proper administration and management of the contracts it enters with
general contractors and subcontractors that ultimately control the use of
tangible property.  The workers assert
that they were injured by the City’s “negligent administration of a contract,
that ultimately controlled the use of tangible and real property” resulting in
the workers being “left unprotected.”  

The Texas Tort
Claims Act waives a governmental entity’s immunity from suit on all claims for
which it waives immunity from liability. 
See Tex. Civ. Prac. &
Rem. Code Ann. § 101.025.  It provides a
limited waiver of immunity for: (1) property damage, personal injury, and death
caused by the negligence of an employee if it arises from the operation or use
of a motor-driven vehicle or equipment and (2) personal injury and death so caused by a condition or use of tangible personal or real property.  Id. §
101.021 (Vernon 2011).  The
pleadings in this case, however, do not implicate any such waiver.  The workers do not allege a premises-defect
claim or that they were injured as the result of the use of publicly owned
automobiles.  The workers allege only
that the City negligently administered its contract, resulting in their not
receiving payment.  The workers can only
assert such a claim against the City if the legislature has expressly granted
them consent to so sue.  Neither the
workers pleadings nor the record demonstrates any such consent.  Accordingly, we hold
that the trial court erred in denying the City’s plea to the jurisdiction on
the workers’ negligent administration of contract claim.  

Statutory Claims

The City argues that the trial court erred in not
dismissing the workers’ various statutory claims against it because the
legislature, in the statutes relied upon by the workers, has not waived
governmental immunity.

The
workers cite several provisions under which they are suing the City for failure
to pay them funds.  As noted above, a plaintiff bears the burden
to affirmatively demonstrate a trial court’s jurisdiction by alleging a valid
waiver of immunity, which may he may do by either referencing a statute or noting
express legislative permission.  Jones, 8 S.W.3d at 637.  Legislative consent to sue the State must be expressed in
“clear and unambiguous language.”  IT-Davy, 74 S.W.3d at 854.

Here, the workers generally
allege a claim against all of the defendants for violating Chapter 61 of the
Texas Labor Code, asserting that the defendants “are Texas business entities
covered by the Texas Payday Act.” 
However, the “Payday Act” expressly does not apply to governmental or
political subdivisions of this state.  Tex. Lab. Code Ann. § 61.003 (Vernon
2006); Igal v. Brightstar Info. Tech. Group,
Inc, 250 S.W.3d 78, 82 n.2 (Tex. 2008). 


The workers also allege a claim
against all of the defendants for violating Chapter 62 of the Texas Labor Code
by failing to pay minimum wage, asserting that the defendants “are Texas business entities
covered by the Texas Minimum Wage Act.” 
However, the legislature has not waived governmental immunity for such a
claim and the workers have not demonstrated that the legislature has given them
specific consent to bring a suit against the City.  

Additionally, the workers allege a
claim against all of the defendants for violating Chapter 2258 of the Texas
Government Code, asserting that the defendants failed to pay them, as workers
employed under a contract to construct a public work, the general prevailing
rate of per diem wages for similar work in the locality.  Tex.
Gov’t Code Ann. § 2258.021 (Vernon 2008).  However, nothing in Chapter 2258 indicates
the legislature’s intent to clearly and unambiguously waive the City’s immunity
from such a suit.  In fact, Chapter 2258
provides a procedure to proceed to arbitration and states that “such
arbitration decision is final.”  Id.  Moreover, the workers have failed to
demonstrate that the legislature has given them consent to bring such a
suit.  Accordingly, we hold that the
trial court erred in denying the City’s plea to the jurisdiction as to the
workers’ statutory claims.

We overrule the portion of the
City’s issue challenging the trial court’s order denying its plea to the
jurisdiction on the workers’ breach of contract claim.  We sustain the portion of the City’s issue
challenging the trial court’s order denying its plea to the jurisdiction on the
workers’ tort,
equitable, and statutory claims.  


Conclusion

          We affirm
the portion of the trial court’s order denying the City’s plea to the
jurisdiction on the workers’ breach of contract claim.  We reverse the portion of the trial court’s
order denying the City’s plea to the jurisdiction on the workers’ tort, equitable, and
statutory claims and render judgment dismissing these claims.   

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.

 

 

 











[1]           See
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a) (Vernon 2008). 





[2]           The City of Deer Park is the only defendant
in this appeal.  





[3]
          Although the terms sovereign
immunity and governmental immunity are often used interchangeably, sovereign
immunity “extends to various divisions of state government, including agencies,
boards, hospitals, and universities,” while governmental immunity “protects
political subdivisions of the State, including counties, cities, and school districts.”
 See
Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions
Property/Casualty Joint Self-Insurance Fund, 212 S.W.3d 320, 324 (Tex. 2006).





[4]
          The City does not contend that
the waiver of governmental immunity in section 271.152 of the Texas Government
Code cannot be invoked by a third-party beneficiary.  





[5]           We note that the workers, on appeal,
make no argument in support of the trial court’s denial of the City’s plea to
the jurisdiction on their remaining claims.